ALBERT DODSON v. THE STATE.

*No. 374   Decided January 31.*

1. **Postponement to Obtain Testimony of a Codefendant.**—Where two parties are separately indicted for the same transaction, under express provision of article 669a of the Code of Criminal Procedure, one party, upon making proper affidavit, may have the other first placed on trial, in order that he may, in case of acquittal, obtain his testimony in his behalf.

2. **Same—Statute Mandatory.**—This statute, article 669a, giving one defendant the right to have a codefendant first placed upon trial, is mandatory.

3. **Same — Continuance — Practice.**—On a trial for horse theft, defendant's application for continuance having been overruled, he made affidavit to postpone his trial in order that his codefendant might first be placed on trial. *Held*, that " overruling his application for continuance was not equivalent to an announcement of ready for trial on the merits," and did not preclude him from his right to have his codefendant first tried, as provided by article 669a, Code of Criminal Procedure.

APPEAL from the District Court of Llano. Tried below before Hon. W. M. ALLISON.

Appellant was separately indicted for theft of the horse of one Pablo Portales, and at the trial was convicted, his punishment being assessed at imprisonment for five years in the penitentiary.

When the case was called for trial, defendant made application for a continuance for the testimony of two absent witnesses. This application was overruled. Defendant then asked for time to prepare and file an affidavit, under provisions of article 669a, Code of Criminal Procedure, to have one Heeler Perry, separately indicted for the same theft, first placed upon trial, as he desired the testimony of said Perry in his behalf. This

application was refused, "the court holding the overruling of defendant's application for continuance to be equivalent to an announcement on the merits."

*F. J. Johnson*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of horse theft, and prosecutes this appeal.

When his application for a continuance was overruled, the defendant requested time in which to prepare his affidavit, under the provisions of article 669a of the Code of Criminal Procedure, for the purpose of having one Perry, who was separately indicted for the same transaction, first placed upon his trial, so that the defendant might obtain the testimony of said Perry in his behalf. The request was refused, because, as stated by the court, he held "the overruling of defendant's application for continuance to be equivalent to an announcement on the merits."

The defendant had the right under the statute to have Perry tried, so that he might use his testimony in case he should be acquitted. In this respect the statute is mandatory. There was no contention between the defendants as to who should be first placed on trial. We do not think the "overruling of defendant's application for continuance to be equivalent to an announcement on the merits." The statute does not state at what time the severance may be demanded. The remaining errors complained of will not occur on another trial, hence are not discussed.

For the error indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.