OVERALL, Appellant, v. ST. LOUIS TRACTION COMPANY, Respondent.

**St. Louis Court of Appeals, April 18, 1905.**

1. **APPELLATE PRACTICE: Death of Party: Revival of Cause.** Under section 756, Revised Statutes of 1899, an action pending in the court of appeals does not abate on the death of a party, but, after the suggestion of such death, it is competent for the court to continue the action in the name of his representative or successor in interest.

2. ———: ———: ———. Under section 758, Revised Statutes of 1899, where one of the parties to a cause dies, it cannot be revived on the voluntary appearance of a representative or successor except by the consent of the parties; if the opposing party does not consent, he must be given an opportunity to show cause why the action should not continue in the name of the party claiming to be a representative or successor of the deceased.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz*, Judge.

An order reviving cause in the name of the successor of the deceased plaintiff set aside and in lieu thereof an order entered that the cause be revived in the name of the successor of the deceased plaintiff, unless good cause be shown to the contrary.

PER CURIAM.—At the March term, 1904, and on March 7, 1904, the death of John H. Overall was suggested, and the cause was continued to the October term, 1904; from the latter term it was continued to the present term (March, 1905). On February 27, 1905, William K. Kavanaugh filed his motion to be substituted as plaintiff in the cause, alleging as a reason therefor that John H. Overall, in his lifetime, held the title to the Fourth Street and Arsenal Railroad (the property involved in the controversy) in trust for John Scullin

and under pledge to convey said property to whomsoever said Scullin should direct, and that said John Overall and wife, by direction of said Scullin, did, on the twenty-second day of September, 1898, convey the said property to the said Scullin by deed, duly executed and acknowledged, and that afterwards, to-wit, on September 22, 1903, the said Scullin conveyed said property to William K. Kavanaugh, by deed duly executed and acknowledged. The motion of Cavanaugh to be substituted as plaintiff was sustained and an unconditional order of substitution was entered. Defendant moved to set aside this order. Its motion was overruled. Subsequently, defendant filed its other motion to set aside its former order in respect to the substitution of Kavanaugh as party plaintiff and asked to be afforded an opportunity to show cause why Kavanaugh should not be substituted as party plaintiff.

The action did not abate by the death of John Overall, and after the suggestion of his death it was competent for the court to continue the action by his successor in interest. Section 756, R. S. 1899. The order for the continuance of the action, by section 758, R. S. 1899, may be made on voluntary appearance and by consent of the parties, but if consent is not given, the section provides that the order of revival shall be conditioned that the action be revived in the name of the representative or successor of the deceased party, unless good cause be shown against the revival at the next term; and the section further provides that summons shall be issued against the person to be made a party and if, after the service of the same, sufficient cause be not shown against the revivor within the first four days of the term to which the summons is returnable, the action shall stand revived. As the defendant did not consent to the revival of the suit in the name of Kavanaugh, we think the unconditional order substituting him as plaintiff on his motion was improvidently made and should be set aside;

and that the order should be provisional so that the defendant may have opportunity to show cause, if any it has, why the suit should not be revived in the name of Kavanaugh. It is therefore considered that the order heretofore made, substituting William K. Kavanaugh as plaintiff, he, and the same is hereby set aside, and it is further considered that in lieu of said order, the following be made and spread upon the records of the court, to-wit: John H. Overall, Appellant, versus St. Louis Traction Company, Respondent. The motion of William K. Kavanaugh to be substituted as plaintiff as the successor in interest of John H. Overall, deceased, after being taken up and considered, is by the court sustained, and it is ordered that the said William K. Kavanaugh be substituted as party plaintiff, unless the defendant, on or before the fourth day of the next term of this court, show good cause to the contrary; and it is further ordered by the court that summons be issued directed to the defendant to be and appear on or before the fourth day of the next term of this court and show cause, if it has any, why the order of substitution should not be made final, and the cause is continued to the October term, 1905.