CHICK PRICE v. STATE.

No. 2127.    Decided December 11, 1912.

Rehearing Denied January 15, 1913.

1.—Gaming—Keeping Gambling House—Indictment.

Where the grounds of complaint, in an appeal from a conviction of keeping a gambling house, as to the insufficiency of the indictment and unconstitutionality of the law had been adversely decided to appellant, there was no error. Following Parshall v. State, 62 Texas Crim. Rep., 177.

**2.—Same—Severance—Different Jurisdiction.**

Where, upon trial of keeping a gambling house, the court overruled defendant's motion of severance, and it appeared from the record on appeal that the case against the defendant and that of his co-defendant were pending in different courts and the granting of the motion would have operated as a continuance, there was no error in overruling same.

**3.—Same—Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts, the question raised in the motion for new trial cannot be considered on appeal.

Appeal from the Criminal District Court No. 2 of Dallas. Tried below before the Hon. Harry Miller.

Appeal from a conviction of keeping a gambling house; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Albert Walker,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with keeping a gambling house. The indictment contains several counts, but as only the first count was submitted to the jury, we do not deem it necessary to discuss the grounds alleging the insufficiency of those counts. The first count charges an offense. The same grounds are attempted to be raised in this case as were passed on in the case of Parshall v. State, 62 Texas Crim. Rep., 177, as to the insufficiency of the indictment, the unconstitutionality of the law, etc., and which were held adversely to appellant's contention in the case. The questions were so thoroughly discussed in the Parshall case we do not deem it necessary to do so again.

It appears there are two Criminal District Courts in Dallas County, one presided over by Judge R. B. Seay, and the other by Judge Barry Miller. Appellant was indicted by the grand jury empaneled in Judge Seay's court, and returned by it into that court on December 4, 1911. There was also returned into Judge Seay's court an indictment against J. B. Gouger, charging him with the same offense. After the return of the indictments in Judge Seay's Court, he, by order entered, transferred appellant's case to Judge Miller's court. This he was authorized and empowered to do in Chap. 19, page 106, Acts of the Special Session of the Thirty-second Legislature, creating the court over which Judge Miller presides. No order was made transferring the case against Gouger, and no request was made that it be transferred. When the case was called for trial in Judge Miller's court, a plea was filed setting up that an indictment was pending in Judge Seay's court against Gouger "for an offense growing out of the same transaction for which this defendant was indicted in this case," and setting forth that the evidence of said Gouger was material to this defendant, and that defendant believed there was not sufficient

testimony to secure a conviction of Gouger. If the indictments had been pending in the same tribunal, this plea was sufficient to have required that Gouger be first placed on trial, but the plea makes it manifest, and so states, that the indictments are pending in different courts, and while these courts under the law have authority to transfer cases from one court to the other, there is no effort made to have both cases transferred to the same court. There is no suggestion that defendant or his attorneys have any connection with the Gouger case, and no statement contained in the application that Gouger is or will be ready for trial when the case is called in Judge Seay's court; no statement that that case has ever been set for trial in Judge Seay's court for any given time, and no statement that Gouger is willing to be first tried, or any effort will be made to have that case tried before the adjournment of Judge Miller's court for the term. Judge Miller in approving the bill does so with the qualification: "To have granted this motion would have continued this cause until a case could have been tried in a court over which I had no jurisdiction or control." This right of a defendant separately indicted to have another, indicted for an offense growing out of the same transaction, first placed on trial, is granted on condition that to do so will not operate as a continuance. (Art. 707, Code of Crim. Proc.) In Locklin v. State, 8 Texas Ct. Rep., 204, it appears that the appellant in that case, and A. K. Scott were indicted in Llano County for offenses growing out of the same transaction, and that later the court changed the venue of appellant's case to Gillespie County, and when his case was called for trial in the latter county, appellant filed an application, in conformity with the statute, asking that Scott be first tried. The court said: "When the venue in appellant's case was changed from Llano County, it does not appear that he objected on the ground that he desired a severance from Scott in order to procure his testimony, but he only objected generally to the change of venue. It may be if this objection had been urged at the time, the court would not have changed the venue as to appellant, or if he did, he might have changed the venue in both cases to Gillespie County; and in that event appellant could have exercised his right of severance, both cases being in the same jurisdiction. But here the two cases were pending in different counties; and if the motion had been granted, it would necessarily have operated a continuance of the case. As we understand the statute, article 707, Code of Criminal Procedure, especially provides that the making of such affidavit for severance, without other sufficient cause, shall not operate as a continuance to either party. And see King v. State, 35 Texas Crim. Rep., 472; Stoward v. State, 27 Texas Crim. App., 1." This question was before this court in Wilson's case, 46 Texas Crim. Rep., 523, and Judge Davidson again held that where the indictments were pending in different courts, even though the severance had been granted when the cases were pending in the same court, the appellant was not entitled to have his case postponed until the other case could

be tried in the court in which it was then pending. As the cases against this defendant and Gouger were pending in different courts, the court did not err in overruling the motion. The reasons for such ruling are sufficiently stated in the cases herein cited.

There being no statement of facts accompanying the record, we are unable to pass on the other questions sought to be raised in the motion for new trial.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 15, 1913.—Reporter.]