## J. C. ESTELL v. THE STATE.

No. 6759. Decided April 12, 1922.

### 1.—Manufacturing Intoxicating Liquor—Severance—Co-Defendant.

Article 727, C. C. P., provides that upon making an affidavit setting out substantially the provisions of said statute, a severance shall be granted, the only ground upon which such request may be denied is that if each party make a similar affidavit, the court may decide which is to be tried first, and the severance must not operate as a continuance, and where the allegation in the motion for severance is sufficient, the same should have been granted. Following Dodson v. State, 32 Texas Crim. Rep., 529.

### 2.—Same—Election by State—Practice in Trial Court.

Where the indictment charged three counts, and the authorities permit the insertion of several counts which charges offenses similar in kind, or which might find support in the same kind of testimony, and there was therefore no error in refusing the motion to require the State to elect.

### 3.—Same—Change of Court—Intoxicating Liquor—Words and Phrases.

Where the first count of the indictment charged the defendant with the unlawful manufacture of liquor capable of producing intoxication, the other two counts being defective, and the court charged the jury that the words "intoxicating liquor" include any spirituous, vinous, or malt liquors containing in excess of one per cent of alcohol by volume, the same was reversible error, as it was not responsive to the count in the indictment; and, besides, he instructed the jury that liquor containing one per cent of alcohol by volume is intoxicating, as a matter of law.

### 4.—Same—Rule Stated—Intoxicating Liquor—Federal and State Laws.

There seems now no dispute of the fact that Federal and State laws may make penal in the several jurisdictions, the sale, etc., of liquors of different alcoholic content, when not carrying it to the extent of allowing the sale, etc., of liquor which is, in fact, capable of producing intoxication.

91 Tex.—31

. Appeal from the Criminal District Court No. 2, of Dallas.   Tried below before the Honorable C. A. Pippin.

Appeal from a conviction of the illegal manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Currie McCutcheon,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in Criminal District Court No. 2 of Dallas County of the offense of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

By separate indictments returned on the same day appellant and one Kissinger were indicted for the unlawful manufacture of intoxicating liquor. The cases were set in the same court for October 3, 1921. The Kissinger case was first put upon trial, and after the retirement of the jury to consider their verdict in said case, the instant case was called. After announcement of ready by the State, appellant asked a postponement until the conclusion of the Kissinger trial, setting up fully and substantially matters which are ordinarily held to be available in support of a motion for severance under Article 727 C. C. P. This application was overruled and appellant's trial began, and proceeded as far as the selection and swearing of the jury, at which time the Kissinger jury came into court and were discharged, and said cause re-set for October 24, 1921. Thereupon appellant renewed his motion to postpone this cause in order that Kissinger might be first tried and that appellant might avail himself of the testimony of said Kissinger in case of an acquittal, he averring in said motion that there was not sufficient evidence to justify the conviction of Kissinger. This application was also overruled, and the trial concluded and this conviction had. The bill of exceptions presenting this matter as erroneous is approved without modification by the trial court, and the matters of fact therein stated must be taken by us as true in the absence of any controversy by the State. Article 727 of our Code of Criminal Procedure provides that upon making an affidavit setting out substantially the provisions of said statute, a severance shall be granted, the only ground in said article upon which such request for severance may be denied appearing to be that if each party make a similar affidavit, the court shall decide which is to be first tried, and if the granting of such request for severance would operate as a continuance, such request would be denied. The provisions of said article have been held mandatory. Dodson v. State, 32 Texas Crim. Rep. 529; Ryan v. State, 64 Texas Crim. Rep. 628. The allegations of the motion to postpone in the instant case seem ·

sufficient. Reed v. State, 11 Texas Crim. App. 509. Reference to the caption of the transcript in the instant case shows that to have postponed appellant's trial to October 24, 1921, would not have operated as a continuance, the trial term extending well beyond that date. We are of opinion that the application to postpone should have been granted.

The indictment against appellant contained three counts. The first charged the unlawful manufacture of liquor capable of producing intoxication. The second,—the possession of such liquor. The third, the possession of equipment for the manufacture of such liquor. A motion to require the State to elect upon which count it would proceed against appellant, was overruled and an exception reserved to the court's charge for its submission of all of said counts. We believe the authorities permit the insertion of several counts in an indictment which charge offenses similar in kind, or which might find support in the same kind of testimony, for the purpose of meeting the evidence that might be introduced. Vernon's C. C. P., pp. 245-248. The conviction of appellant was under the first count.

The charge of the court contained the following:

"You are further instructed that the words intoxicating liquor include any spirituous, vinous or malt liquors containing in excess of one percent of alcohol by volume."

Exception was properly reserved to this part of the charge as not being responsive to any count of the indictment or any offense charged, and further that same is a statement to the jury that liquor containing one per cent of alcohol by volume is intoxicating as a matter of law. Reference to the Dean Law, Acts Second Called Session, Thirty-sixth Legislature, p. 228, shows that in section 1 thereof the manufacture, etc., of liquor "capable of producing intoxication" is specifically forbidden. Section 2 of said Act forbids the manufacture, etc., of any liquor containing in excess of one per cent of alcohol by volume. It is true that the pleader may elect in a given case, in order to meet his proof, which characterization he would give to the liquor so manufactured, etc., but we know of no authority holding that proof of the kind of liquor described in one section of said law, will meet an allegation of that kind of liquor mentioned in the other section. We know of no limitation upon the power of our Legislature to prohibit the manufacture of or commerce in liquor having any per cent of alcoholic content, but that question is not before us. True, Sec. 3 of said Dean Act is as follows:

"The words 'intoxicating liquors,' or 'liquors' *hereafter* used in this Act shall be held to include and comprehend all liquors referred to in the first and second sections of this Act and the said liquors prohibited by the said first and second sections of this Act will hereafter be referred to herein for convenience as 'intoxicating liquors.' "

This by express terms points forward to the remainder of said Act, and must be held to speak the legislative intent, and that same does

not point back to the two preceding sections and cannot be held to affect the fact that the plain import of said two preceding sections is to distinguish the manufacture, sale, etc., of liquor capable of pro· ducing intoxication from the manufacture, sale, etc., of liquor having one per cent alcoholic content. We are not called upon to speculate as to the legislative purpose in making this distinction. It might be be seriously disputed whether one quart of alcohol, diluted by ninety-nine quarts of water or other liquid, would in fact be a liquor capable of producing intoxication, but be that as it may, we must endeavor to carry out the legislative purpose made apparent by the separation of the manufacture, etc., of such liquors into two legally distinct crimes defined in Secs. 1 and 2 of said Dean Law.

There seems now no dispute of the fact that Federal and State laws may make penal in the several jurisdictions, the sale, etc., of liquors of different alcoholic content, when not carried to the extent of allowing the sale, etc., of liquor which is in fact capable of producing intoxication.

There was testimony introduced on the trial of the instant case as to the percentage of alcoholic content by volume in the liquor appellant was charged with manufacturing. We are of opinion that in a case in which the accused is charged with manufacturing liquor capable of producing intoxication, it would be erroneous to tell the jury that by intoxicating liquor is meant that which contains in excess of one per cent alcoholic content by volume.

For the errors mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*