### J. W. TURNER v. THE STATE.

No. 7076.  Decided October 3, 1923.

Rehearing denied November 7, 1923.

1.—Transporting Intoxicating Liquor—Sufficiency of the Evidence.

The contention that it was incumbent upon the State to prove that the liquor was transported for sale is unsound, and the evidence being sufficient to support the conviction, there is no reversible error.

2.—Same—Per Cent of Alcohol—Indictment.

Where the indictment contained an averment that the liquor was whisky and intoxicating it was not necessary to allege that it contained more thane one per cent of alcohol. Following Estell v. State, 91 Texas Crim. Rep., 481.

3.—Same—Search and Seizure—Evidence.

The fact that a search of appellant's automobile was made without a search warrant was not an impediment to prove by the officer that he found the whisky in the car. Following Welchek v. State, 93 Texas Crim. Rep., 271.

4.—Same—Evidence—Transporting Whisky—Harmless Error.

The fact that defendant had stated that he had sold corn whisky was admissible under the charge of transporting whisky, there being no defensive matter introduced, and the minimum punishment assessed, the same was at the most harmless error.

5.—Same—Conduct of Defendant—Practice in Trial Court.

Where defendant made threatening gestures towards the State's witness, while the latter was testifying, there was no error on the part of the court to reprimand the witness.

6.—Same—Charge of Court—Words and Phrases—Weight of Evidence.

Where the court instructed the jury that the burden was on the State to prove that defendant unlawfully and knowingly transported intoxicating liquor, and the jury called upon the court in writing for an explanation of the word knowingly, it not having been used in the indictment, and the court instructed them that they must decide it as any other issue in the

95 T. C.—38

case, etc., there is no reversible error, and the same was not on the weight of the evidence.

### 7.—Same—Rehearing—Rule Stated—No Injury to Defendant.

Even if an error is committed during the trial of a case, it does not and should not call for a reversal unless it was such that the court may say from the record it injured accused, or was of such character that it may have done so, and the question raised may be justly disposed of under this rule, and the fact that defendant declared that he did sell corn whisky, etc., when he was charged with transporting it, could not possibly have injured him in the instant case.

Appeal from the District Court of Randall. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*E. T. Miller* and *Stone & Guleke* for appellant. On question of reprimanding counsel, Venable v. State, 207 S. W. Rep., 530.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The evidence reveals the fact that appellant was carrying in his automobile a gallon of corn whisky. No evidence was introduced on behalf of the appellant.

The contention that it was incumbent upon the State to prove that the liquor was transported for sale is unsound. See Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep., 159; Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472.

The indictment contained an averment that the liquor was whisky and that it was intoxicating. An additional averment that it contained more than one per cent of alcohol was unnecessary. See Estell v. State, 91 Texas Crim. Rep., 481, 240 S. W. Rep., 913.

The fact that a search of appellant's automobile was made without a search-warrant was not an impediment to proof by the officer who made the search that he found the whisky in the car. See Welchek v. State, 93 Texas Crim. Rep., 271, 247 S. W. Rep., 524.

Complaint is made of the receipt of testimony to the effect that appellant had stated that he had sold corn whisky. The proof being conclusive and uncontroverted that he transported a gallon of corn whisky, and there being no defensive matter introduced and the minimum punishment having been assessed, the admission of the evidence was apparently harmless.

While a State witness was testifying, appellant made threatening gestures towards him, and the judge admonished appellant to keep his hand down and cease making demonstrations. There is some conflict between the bill and the qualification, but the latter prevails. Under the facts, the reprimand seems to have been justified. Cyc. of Law & Proc., Vol. 12, p. 538; Corpus Juris, Vol. 16, p. 829, Secs. 2095-2100.

The court, in the second paragraph of his main charge, instructed the jury that the burden was upon the State to prove by the evidence, beyond a reasonable doubt, that appellant "did unlawfully and knowingly transport intoxicating liquors."

After retirement, the jury submitted to the court, in writing, the following question:

"The word 'knowingly' in the second part of the Court's charge is causing much dispute and disagreement in the jury room. We note that this word does not appear in the indictment.

"Must we give this word serious consideration and look for real evidence to support this particular portion of the Court's charge?

"Perhaps you cannot, or dare not answer, however, we would appreciate what explanation you may be permitted to give us on Clause II of the Court's charge."

The Court made the following reply:

"In determining whether or not an act was knowingly done, the jury may, in their discretion, as in determining any other issue in the case, consider all the facts and circumstances, if any, in evidence."

This is criticized as being upon the weight of the evidence. We think the complaint is without merit. See Code of Crim. Proc., Art. 754, Vernon's Tex. Crim. Stat., Vol. 2, p. 567;; Benavides v. State, 31 Texas Crim. App., 173; 37 Amer. Dec., 799.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 7, 1923.

HAWKINS, JUDGE.—Witness Leonard testified that in the evening of the same day appellant was apprehended with the whisky in his wagon appellant said to witness in substance:

"A man can't make a little honest money without being arrested. I have been arrested and charged with selling corn whisky. By, God, I did sell corn whisky and have the best corn whisky in the country."

Objection was interposed because appellant was not charged with selling it, but with transporting it. While this objection was being

urged appellant made an angry demonstration towards the witness for which he was reprimanded by the court. These two matters are seriously urged as presenting error for which the judgment should have been reversed. We did not think it necessary in our former opinion to determine whether any error was committed in receiving Leonard's testimony. We do not deem it necessary to discuss it now. We think it a sound rule that, generally speaking, even if an error is omitted during the trial it does not and should not call for a reversal unless it was such that we may say from the record it injured accused, or was of such character that it may have done so and the record does not authorize us to reach the conclusion that it did injure him. The question raised by both incidents complained of in this case may very justly be disposed of under the foregoing rule without reference to any other. There was no defensive evidence of any character. The State made a clear case against accused independent of the matters complained of. The jury under their oaths as honest men could do no less than find appellant guilty; this being true and the lowest penalty having been assessed as shown by the record indicates that neither of the incidents complained of could or did work injury. To argue that regardless of the other evidence plainly showing guilt the jury might have acquitted in the absence of the matters complained of is to speculate that the jury might have stultified themselves under such circumstances.

Finding no reason justifying a conclusion other than as reached originally, the motion for rehearing is overruled.

*Overruled.*