## Ex Parte A. Green.

No. 4209.   Decided February 18, 1925.

(210 S. W., 158).

1.—Intoxicating Liquors.

Distinct offences are defined by articles 583¼ and 588¼ A, of the Penal Code.  A defendant is punishable under the former for selling liquor which was capable of producing intoxication, regardless of whether it contained alcohol in excess of one per cent per volume, the sale of which was prohibited by the latter article.   Estill v. State, 240 S. W., 913 (Crim. App.) followed. (P. 389).

2.—Injunction—Contempt—Habeas Corpus.

Petitioner, fined and imprisoned for contempt for violation of an injunction against selling intoxicating liquor, was not entitled to discharge on *habeas corpus* though the court finding that liquor sold by him was capable of producing and did produce intoxication, also found that it did not contain alcohol in excess of one per cent.   (Pp. 388-390).

Green applied for and obtained a writ of *habeas corpus* from the Supreme Court, directed to L. D. Head, sheriff of Stephens County, charged with unlawfully holding him in custody under a commitment for contempt by the judge of the District Court for violation of its injunction against sale of intoxicating liquors, which commitment was alleged to be unwarranted by the judgment.

*T. B. Ridgell,* for applicant.

It is not a violation of the liquor law to possess or sell any beverage or liquor which contains less than one-half of 1 per cent. alcohol by volume.   Vernon's Texas Crim. Statutes, art. 588½A; Gardner v. State, 299 S. W., 856.

Mr. Justice PIERSON delivered the opinion of the court.

' On the 21st day of May, A. D. 1924, based upon an order by Honorable C: O. Hamlin, Judge of the District Court of the Ninetieth Judicial District of Texas, applicant A. Green was served with a temporary injunction restraining him from 'unlawfully selling any spiritous. vinous or malt liquors or medicated bitters capable of producing intoxication, and any such liquors containing in excess of one per cent. of alcohol by volume.'' Thereafter, on May 23, 1924, contempt proceedings were brought before the said court upon the petition of Honorable Sam W: Davis, County Attorney of Stephens County, alleging that A. Green had violated said temporary injunction.   Upon a hearing on the 6th and 7th days of June, 1924, said Green was found to have violated said injunction and to be in

contempt of court, and his punishment assessed at a fine of $250 and confinement in the county jail of Stephens County for ninety days.

This case is before us on a writ of *habeas corpus*.

Judge Hamlin made the following findings:

"I find that said beer was capable of producing and did produce intoxication." Again, "I further find that two bottles of this beer which was taken by the constable making the raid was sent to the Terrell Laboratories at Fort Worth, Texas, under an agreement between the attorney for the defendant and the county attorney, and that said analysis as made by Terrell's Laboratories showed that the two bottles contained less than one per cent. alcohol."

He made the following conclusions of law:

"1. I conclude as a matter of law, under Art. 588-¼ of the Penal Code, that the defendant was guilty of unlawfully selling spirituous, vinous and malt liquors capable of producing intoxication, and which did produce intoxication, and that same was done in direct violation of this Court's injunction restraining him from so doing.

"2. I further conclude as a matter of law, that Art. 588-¼ A has no application where under the evidence it is shown that the beer sold was capable of and actually did produce intoxication regardless of per cent. of alcohol volume."

The contention of applicant here is that if it be shown that the beverage sold by him contained less than one per cent. of alcohol by volume, he cannot be found guilty of violating the law. This question is definitely settled by the Honorable Court of Criminal Appeals of Texas in the case of Estell v. State, 91 Texas Crim., 481, 240 S. W., 913.

Article 588-¼ of the Penal Code makes it a violation of the law for one to manufacture or sell liquor "capable of producing intoxication."

Article 588-¼A forbids the manufacture, sale, etc., of any liquor containing in excess of one per cent. of alcohol by volume.

In the above mentioned case, in an opinion by Judge Lattimore, the Honorable Court of Criminal Appeals held that these two Articles of the Statute created two separate and distinct offenses, either one of which could be made the basis of a conviction under the Statute. In discussing the case Judge Lattimore says:

"The plain import of said two preceding sections is to distinguish the manufacture, sale, etc., of liquor capable of producing intoxication from the manufacture, sale, etc., of liquor having one per cent. alcoholic content. We are not called upon to speculate as to the legislative purpose in making this distinction. It might be seriously disputed whether one quart of alcohol, diluted by 99 quarts of water or other liquid, would in fact be a liquor capable of producing intox-

ication, but be that as it may, we must endeavor to carry out the legislative purpose made apparent by the separation of the manufacture, etc., of such liquors into two legally distinct crimes defined in sections 1 and 2 of said Dean Law.''

In the case before us Judge Hamlin found as a fact that applicant A. Green was guilty of selling beer which was capable of producing, and which did produce, intoxication, in violation of the injunction, and that under the authority of Article 588-¼ he was subject to the punishment inflicted. This is thoroughly in accord with the law as construed by the Honorable Court of Criminal Appeals.

Therefore, it is ordered that applicant A. Green be remanded to the custody of the Sheriff of Stephens County.