### Ex parte GREEN. (No. 4209.)

(Supreme Court of Texas. Feb. 18, 1925.)

Intoxicating liquors ⬅279—Sale of liquor capable of producing intoxication held to constitute a violation of injunction against unlawful sale of liquor.

Sale of liquor which was capable of producing, and did produce, intoxication, constituted a violation of injunction against the unlawful sale of liquor capable of producing intoxication, and the unlawful sale of any such liquors containing an excess of 1 per cent. of alcohol, though it was not shown that liquor sold contained an excess of 1 per cent. of alcohol in violation of Vernon's Ann. Pen. Code Supp. 1922, art. 588¼a, since the sale of liquor "capable of producing intoxication" denounced by article 588¼ is a separate and distinct offense from that defined by article 588¼a.

Application for writ of habeas corpus by A. Green. Applicant remanded to custody of county sheriff.

T. B. Ridgell and A. Green, both of Breckenridge, for applicant.

PIERSON, J. On the 21st day of May, A. D. 1924, based upon an order by Hon. C. O. Hamlin, judge of the district court of the Ninetieth judicial district of Texas, applicant, A. Green, was served with a temporary injunction restraining him from "unlawfully selling any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, and any such liquors containing in excess of 1 per cent. of alcohol by volume." Thereafter, on May 23, 1924, contempt proceedings were brought before the said court upon the petition of Hon. Sam W. Davis, county attorney of Stephens county, alleging that A. Green had violated said temporary injunction. Upon a hearing on the 6th and 7th days of June, 1924, said Green was found to have violated said injunction and to be in contempt of court, and his punishment assessed at a fine of $250 and confinement in the county jail of Stephens county for 90 days.

This case is before us on a writ of habeas corpus.

Judge Hamlin made the following findings:

"I find that said beer was capable of producing and did produce intoxication."

Again, "I further find that two bottles of this beer which was taken by the constable making the raid was sent to the Terrell Laboratories at Fort Worth, Tex., under an agreement between the attorney for the defendant and the county attorney, and that said analysis as made by Terrell's Laboratories showed that the two bottles contained less than 1 per cent. alcohol."

He made the following conclusions of law:

"(1) I conclude as a matter of law, under article 588¼ of the Penal Code, that the defendant was guilty of unlawfully selling spirituous, vinous and malt liquors capable of producing intoxication, and which did produce intoxication, and that same was done in direct violation of this court's injunction restraining him from so doing.

"(2) I further conclude as a matter of law that article 588¼a has no application where under the evidence it is shown that the beer sold was capable of and actually did produce intoxication regardless of per cent. of alcoholic volume."

The contention of applicant here is that if it be shown that the beverage sold by him contained less than 1 per cent. of alcohol by volume, he cannot be found guilty of violating the law. This question is definitely settled by the Honorable Court of Criminal Appeals of Texas in the case of Estell v. State, 91 Tex. Cr. R. 481, 240 S. W. 913.

Article 588¼ of the Penal Code makes it a violation of the law for one to manufacture or sell liquor "capable of producing intoxication."

Article 588¼a forbids the manufacture, sale, etc., of any liquor containing an excess of 1 per cent. of alcohol by volume.

In the above-mentioned case, in an opinion by Judge Lattimore, the Honorable Court of Criminal Appeals held that these two articles of the statute created two separate and distinct offenses, either one of which could be made the basis of a conviction under the statute. In discussing the case Judge Lattimore says:

"The plain import of said two preceding sections is to distinguish the manufacture, sale, etc., of liquor capable of producing intoxication from the manufacture, sale, etc., of liquor having 1 per cent. alcoholic content. We are not called upon to speculate as to the legislative purpose in making this distinction. It might be seriously disputed whether one quart of alcohol, diluted by 99 quarts of water or other liquid, would in fact be a liquor capable of producing intoxication, but be that as it may, we must endeavor to carry out the legislative purpose made apparent by the separation of the manufacture, etc., of such liquors into two legally distinct crimes defined in sections 1 and 2 of said Dean Law."

In the case before us Judge Hamlin found as a fact that applicant A. Green was guilty of selling beer which was capable of producing, and which did produce, intoxication, in violation of the injunction, and that under the authority of article 588¼ he was subject to the punishment inflicted. This is thoroughly in accord with the law as construed by the Honorable Court of Criminal Appeals.

Therefore it is ordered that applicant A. Green be remanded to the custody of the sheriff of Stephens county.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes