ANASTACIO VARGAS V. THE STATE.

No. 10131.   Delivered March 31, 1926.

Rehearing granted May 5, 1926.

Rehearing denied State June 2, 1926.

1.—Murder—Severance—Motion For—Properly Overruled.

Where appellant, on his case being called for trial in the 94th District Court of Bexar County, filed his motion for a severance, asking that his co-defendant Gomez, indicted for the same offense, and whose case was then pending in the 37th District Court of Bexar County, be first placed upon trial, said motion was properly overruled.   Following Price v. State, 68 Tex. 556, and other cases cited.

2.—Same—Continued.

Had appellant desired to avail himself of the testimony of Gomez he should have made a motion that his case be transferred from the 94th District Court to the 37th District Court, alleging and showing a state of facts which would authorize the court to make such an order, and showing that by making such transfer it would not work a continuance in violation of Art. 727 C. C. P., Art. 651 C. C. P. 1925.   Following Estell v. State, 91 Tex. Crim. Rep. 481.

3.—Same—Bill of Exception—Insufficient—No Error Shown.

Where appellant objected to the testimony of the witness Gabriel Garcia as a whole, and a part of the testimony was clearly admissible, we cannot segregate that part which may not have been admissible from that which was admissible.   Where the bill does not specifically urge the objection to the objectionable part, this court will not consider it.   Following Punchard v. State, 249 S. W. 939, and other cases cited.

4.—Same—Charge of Court—On Principals—Held Correct.

Where the court charged on the law of principals but did not charge on the converse of the law to the effect that if the appellant was present at the time of the commission of the offense, and did not encourage, by words or gestures, the party committing same, that he would not be guilty.   There is no error in failing to give such charge, where the issue is not raised by the evidence.   Appellant's sole defense in the instant case was that of an alibi, which was properly submitted in the charge of the court.

ON REHEARING.

5.—Same—Severance—Improperly Refused.

On rehearing we believe that we were in error in our original opinion in holding that appellant's motion for a severance was properly denied. The indictments against appellant and his co-defendant Gomez were both returned into the 94th District Court at the same time.   His co-defendant's case was transferred to the 37th District Court.   In proper time he filed his motion for a severance, as required by Art. 65, C. C. P., and embraced

in his motion a request that his case be transferred to the 37th District Court. This motion should have been granted. See Estell v. State, 240 S. W. 913, and other cases cited. Distinguishing Price v. State, 152 S. W. 640, and Sapp v. State, 87 Tex. Crim. Rep. 606.

**6.—Same—Bill of Exception—Incomplete—Presents No Error.**

Where the court admitted evidence over the objection of appellant, on the ground that same was res gestae, it was incumbent on appellant to show by his bill of exception that it was subject to his objection. The ground of objection, as stated in the bill, is not regarded as a statement of the facts upon which .appellant relies in criticising the court's ruling. Following Quinney v. State, 86 Tex. Crim. Rep. 358.

### ON REHEARING BY STATE.

**7.—Same—Severance—Practice in Trial Court.**

On rehearing by the state our attention is called to the fact that the rule laid down in the King case, cited by us in our opinion on rehearing, has been modified by subsequent opinions. This is true, and the rule now followed is that appellant's ·bill complaining of the refusal of a severance must show that the granting of his motion would not operate as a continuance, otherwise the action of the trial court will be presumed correct. This, however, does not alter the conclusions reached in our opinion on rehearing.

**8.—Same—Transfer of Cause—Improperly Refused.**

While we were mistaken in saying that the case against appellant's co-defendant was returned into the 94th District Court, this would not affect our views that it was the duty of the judge of the 94th district to transfer appellant's· case on his motion to the 37th District Court. Other--wise our statutory provisions for a severance, which are held mandatory, could be defeated in all cases in counties where there are two district courts with criminal jurisdiction by transferring case of co-defendants into different courts.

Appeal from the District Court, 94th Judicial District of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

. Appeal from a conviction of murder, penalty for life in the penitentiary.

The opinion states the case.

*E. L. O'Meara* and *Grover C. Morris* of San Antonio, for appellant.

*C. M. Chambers,* District Attorney Bexar County, *Carl Wright Johnson,* Assistant District Attorney Bexar County, *Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the 94th District Court of Bexar County for murder, and his punishment assessed at confinement in the penitentiary for life.

The record discloses that the appellant was charged with murdering Louisa Garcia, about the 28th day of August, 1925, and that she was the wife of Gabriel Garcia. It also appears that Silverio Gomez was charged in the 37th District Court of Bexar County, in a separate indictment for an offense growing out of the same transaction. It was the contention of the state, and evidence was introduced in support thereof, that the appellant and another person entered the house occupied by the deceased and her husband, about 12 o'clock at night, and contended that they were lost and sought the assistance of Gabriel Garcia to show them the road, and that upon his getting up and going out in the yard to give them directions, he was knocked unconscious by them and remained in that condition for several hours, and that said parties struck the deceased over the head with some blunted instrument and inflicted a wound about four inches long, from the effects of which she died a day or two thereafter. The said Gabriel Garcia testified that the parties committing the assault had a flash light, and as he was going out of the house they flashed the light, and he recognized the appellant, and when he regained consciousness and spoke to his wife, she told him that both of the men had beaten her up and named the appellant as one of them. The record further discloses that said injured parties had a trunk in their residence at that time, which contained about $50.00, and that same was missing the next morning, and found open and the money gone, at a point where the officers were following horse tracks leading from near appellant's house. The record further discloses that the appellant had worked for Gabriel Garcia about a couple of months prior to the alleged homicide.

The appellant's defense was that of an alibi. By bill of exception 1 the appellant complains of the refusal of the court to grant him a severance, alleging that said Gomez is charged in the 37th District Court by indictment with an offense growing out of the same transaction for which this appellant stands charged in the said 94th District Court, and requested said Gomez be put on trial first in order that he might be favored with his testimony upon his, appellant's trial. Said motion for a severance is in the usual form and in addition thereto requests that the above entitled and numbered cause, referring

to No. 32974, "be transferred to the 37th District Court for trial." The appellant treats said motion throughout his brief as a motion for severance, and not as a motion to transfer his cause to the 37th District Court, where the Gomez case was then pending. It is obviously apparent that the court in overruling said motion to sever committed no error for the reason that he had no jurisdiction whatever over the Gomez case, and had no authority to state when or how the 37th District Court should dispose of the Gomez case. There is nothing in the motion showing that the Gomez case had ever been set down for trial in the 37th District Court, or that the attorneys representing the appellant were in any manner interested in the Gomez trial, or that Gomez was willing that appellant's case should be tried first. We think the case of Price v. State, 152 S. W. 640; 68 Texas Crim. Rep. 556, decides this question against the contention made by the appellant, which decision has been followed in the case of Sapp v. State, 223 S. W. 549. Had the appellant desired to avail himself of the testimony of Gomez, he should have made a motion asking that his case be transferred from the 94th District Court to the 37th District Court, alleging and showing a state of facts which would authorize the court to make such an order and showing that by making said transfer it would not work a continuance in violation of Art. 727, C. C. P. of the Old Code and Art. 651 of the new code. See Estell v. State, 91 Texas Crim. Rep. 481. In our opinion this bill as presented shows no error in the ruling of the court thereon.

Bill of exception 4 complains of the action of the court in permitting the state over his objection to have Gabriel Garcia to testify that when he got to the gate, referring to the two parties who came to his house, that they struck him, and he did not know any more until in the morning; that it was about 12 o'clock when those parties came to his house, and the next time he saw his wife was in the morning, and he spoke to her, that she was found about 20 paces from the house in the yard; that when he first talked to her she said it was both of the men that went in there, referring to her house, that beat her up, and gave the name of the appellant. The appellant objects to said testimony because it was heresay and was not shown to have been a part of the res gestae. This bill as presented is too general and fails to disclose that the evidence was not res gestae, as required by the rules and decisions of this court, and also fails to show what portion of said testimony above

mentioned was objected to, and the part narrated by the witness Gabriel Garcia as to his being assaulted and knocked unconscious was clearly admissible, and this court having held that where part of the testimony objected to is admissible and part might not be admissible, and the bill does not specifically urge the objection to the objectionable part, this court will not consider it. We are unable to say from the bill as presented that there was any error in the ruling of the court thereon. See Punchard v. State, 249 S. W. 939; Rutherford v. State, 277 S. W. 669; Branch's P. C., Secs. 207, 209, 210 and 211.

The appellant also objects to the court's charge on principals and because the court failed to charge the converse of the law of principals, to the effect that if the appellant was present at the time of the commission of the offense and did not encourage by acts, words or gestures, the party committing the offense that he would not be guilty. There is no evidence raising this issue, to the contrary the appellant's sole defense urged, and he so testified, was that of an alibi. There being no issue raised as to the appellant's being present and not participating in the assault, and the court having properly charged on the defense of alibi, we are unable to reach the conclusion that the court was in error in not charging on said issue. Besides we are clearly of the opinion that such omission, if error, was not calculated to injure the rights of the appellant, or show he had not had a fair trial, and under the facts of this case, and Art. 666 C. C. P. of the new code, 743 of the old code, we would be unauthorized to hold that this was reversible error.

After a careful examination of the entire record, we have been unable to find any reversible error, and are therefore of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, Presiding Judge, absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—There are three District Courts in Bexar County. Two of them give precedence to crim-

inal matters. These are in the Thirty-seventh and Ninety-fourth Judicial Districts. Their territorial jurisdiction is confined to Bexar County. By legislative enactment, these courts meet and end at the same time, have concurrent jurisdiction, alternatively organize grand juries and have broad discretion in transferring cases one to the other without formality other than an order entered upon the minutes and transfer of the original papers. Civil Statutes, 1925, Art. 199, page 97.

Appellant and Silverio Gomez were indicted in the Ninety-fourth District Court for the same offense, by the same grand jury, at the same time, but by separate indictments. That against Gomez was transferred to the Thirty-seventh District Court (No. 33096) ; that against the appellant remained upon the docket of the Ninety-fourth District Court (No. 32974). We learn from Bill of Exceptions No. 1 that the appellant, preliminary to his announcement of ready for trial, filed under oath a motion to sever, which omits none of the essential elements of such a motion as required by Art. 651, C. C. P., provided the two cases were upon the docket of the same court. The motion sets out the fact that the case of Gomez was pending on the docket of the Thirty-seventh District Court and that of the appellant was on the docket of the Ninety-fourth District Court. There was embraced in the motion a request by the appellant that the case against him be transferred to the Thirty-seventh District Court. Article, 651, C. C. P., 1925, reads thus:

"Where two or more defendants are prosecuted for an offense growing out of the same transaction, by separate indictments, either defendant may file his affidavit so stating, and that the evidence of such other party or parties is material for the defense of the affiant, and that affiant believes that there is not sufficient evidence against said party or parties to secure his or their conviction; and such party whose evidence is so sought shall be tried first. Such affidavit shall not, without other sufficient cause, operate as a continuance to either party."

It is difficult to perceive in what manner the appellant could have availed himself of Art. 651, supra, other than that which he pursued. It is not believed that there was any legislative intent to deprive one who happened to be charged with an offense in Bexar County of the rights conferred by the statute mentioned. In fact, the contrary is intimated in Price v.

State, 152 S. W. Rep. 640. Applying the statute mentioned, when two or more persons are charged with the same offense and their cases are pending in the same court, it has been frequently held that unless a continuance would result, the duty to grant a severance when properly sought was imperative. See Estell v. State, 240 S. W. 913 and cases collated; also Dodson v. State, 32 Texas Crim. Rep. 529; Ryan v. State, 64 Texas Crim. Rep. 628; Willey v. State, 22 Texas Crim. App. 413; Shaw v. State, 39 Texas Crim. Rep. 174. In Wiley's case, supra, it is said:

"In our opinion, there can be no question as to the intention of the Legislature to confer upon such defendants the right to demand a severance and, where they come within the terms of the *statute* and demand such right, it is manifest error to refuse or deprive them of it."

Nothing is found in the bill or in the explanation or qualification thereof to indicate that the granting of the motion would result in the continuance of either case. In King v. State, 35 Tex. Crim. Rep. 472, it is said:

"It is not suggested in the explanation of the learned judge who tried this case that the granting of the motion would operate as a continuance to either party. We presume that, if this had been the case, it would have been so stated."

The case of Sapp v. State, 87 Texas Crim. Rep. 606, was one in which there had been a change of venue. It was made manifest from the record that the granting of the motion to sever would have resulted in a continuance.

In the Price case, supra, the cases of Price and Gouger were pending in separate courts of Dallas County. The motion of Price for a severance contained no request for a transfer of his case to the court in which that against Gouger was pending. In that particular the bill is distinguishable from the present one. There are expressions in the Price case touching the requisites of a bill of exceptions which are more restrictive, we think, than the law demands with reference to this particular proceeding. These restrictive features are in conflict with the announcement of this court in King's case, 35 Texas Crim. Rep. 471, to which reference has been made above. If the rule stated in that case is sound, and we deem it so, the bill of exceptions in the present case is regarded as sufficient to have required affirmative action upon the part of the trial judge. Of course, the Ninety-fourth District Court could not make an order of severance but it could have trans-

ferred the appellant's case to the Thirty-seventh District Court, together with the application for a severance to the end that that court might have accorded him his right of severance unless there was some legal reason for denying it.

In Bill of Exception No. 4 we fail to find any recital of facts showing that the evidence received was not admissible under the rule of res gestae. The court having received the evidence, it was incumbent upon the appellant to show by his bill of exception that it was subject to his objection. See Ford v. State, 40 Texas Crim. Rep. 283; Cavanar v. State, 99 Texas Crim. Rep. 449. The ground of objection stated in the bill is not regarded as a statement of the facts upon which the appellant relied in criticizing the court's ruling. Quinney v. State, 86 Texas Crim. Rep. 358.

From what has been said it follows that the motion for rehearing should be granted, the affirmance set aside, the judgment reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*


ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The State's Attorney before this court, in his motion for rehearing, draws attention to a mistake of fact in the opinion on motion for rehearing and contends that the ruling made in King v. State, 35 Texas Crim. Rep. 472, wherein it is said: "It is not suggested in the explanation of the learned judge who tried the case that the granting of the motion would operate as a continuance to either party. We presume that, if this had been the case, it would have been so stated," is in conflict with subsequent decisions, and insists that the bills, in order to comply with the rules of practice, should have been so framed as to negative the possibility of a continuance resulting from the granting of the motion. It is no doubt true that the general rule of practice requires that the action of the trial court be presumed correct unless the bill of exceptions show the contrary.

We were mistaken in saying that the indictments against both the appellant and Gomez were originally filed in the same court. That against Gomez was filed in the Thirty-seventh Judicial District Court and that against the appellant was filed in the Ninety-fourth Judicial District Court. As we view the matter, however, it was the duty of the trial court, upon the filing of the motion to sever containing a request for transfer, to grant the request on the uncontroverted facts therein set

forth. The judge of the Ninety-fourth Judicial District Court could not grant the motion to sever. All that he could do in the matter was to transfer the case to the Thirty-seventh Judicial District Court to the end that the judge might pass upon the merits of the motion to sever. He and not the judge of the Ninety-fourth Judicial District Court would have been in a position to determine the matter. In the absence of the transfer, the statute entitling one to a severance, which has been held mandatory, would be rendered nugatory by the practice of filing the indictments of two persons charged with the same offense in different courts in the same county.

The motion for rehearing is overruled.

*Overruled.*