**FORD et al. v. TYSON, County Atty.**

**No. 1209.**

Court of Civil Appeals of Texas. Waco.

Nov. 7, 1931.

B. D. Shepperd, of Groesbeck, for appellants.

C. S. Bradley, of Groesbeck, for appellee.

PER CURIAM.

This is an injunction suit instituted by appellee, T. L. Tyson, as county attorney of Robertson county, Tex., against appellants, Ben L. Ford and thirty-seven other named defendants. Appellee seeks by this procedure to restrain appellants, and each of them, from violating certain provisions and requirements of chapter 277, General Laws enacted by the Legislature at its regular session in 1931 (Vernon's Ann. Civ. St. art. 911b, et seq., and Vernon's Ann. P. C., art. 1690b). Said act provides for control and regulation by the railroad commission of motor propelled vehicles used in transporting property for compensation or hire over the public highways of this state.

Appellee, by sworn petition, alleged that the appellants, and each of them, were either violating or threatening to violate section 3 of said act (Vernon's Ann. Civ. St., art. 911b, § 3), which, in substance, prohibits any person from engaging in business as a common carrier by motor transportation without having first obtained from the railroad commission a certificate of public convenience and necessity; and prohibits any person from engaging in business as a contract carrier for hire without having first obtained a permit from the railroad commission to so do. He further alleged that appellants were either violating or threatening to violate section 13 of said act (Vernon's Ann. Civ. St., art. 911b, § 13), which requires all persons transporting property and freight upon and along the public roads and highways to carry certain kinds of insurance. He further alleged that the appellants, and each of them, were violating or threatening to violate general orders Nos. 26 and 27 promulgated and issued by the railroad commission of Texas, relating to rates to be charged under said act for the transportation of freight and which orders require that each shipment be accompanied by a waybill. He alleged that some of appellants had been violating said provisions of said act and said orders and rules for many days and weeks in both Robertson and Brazos counties, and that such violations were in such great numbers that the ordinary methods of law enforcement could not adequately curb same. As county attorney of Robertson county, he asked that the named appellants be restrained from doing any act in violation of said statute, and particularly that they and each of them be restrained from doing the things specifically named in the petition.

The petition was presented to the Honorable W. C. Davis, judge of the Eighty-Fifth district, which is composed of Robertson and Brazos counties, and he in chambers granted the injunctive relief as prayed for in said petition. Appellants, without filing any motion to dissolve said writ of injunction, have appealed from said order.

■ The right of the state to control by legislation the highways is now well settled. Robbins v. Limestone County, 114 Tex. 345, 268 S. W. 915; City of Waco v. O'Neal (Tex. Civ. App.) 33 S.W.(2d) 205 (error ref.); Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286; Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596. Under the statute in controversy the Legislature (Acts 42d Leg. [1931] c. 277, § 21 [Vernon's Ann. Civ. St. art. 911b, § 22b]), in stating the policy of the state relative to the highways, said: "The business of operating as a motor carrier of property for

hire along the highways of this State is declared to be a business affected with the public interest. The rapid increase of motor carrier traffic, and the fact that under existing law many motor trucks are not effectively regulated, have increased the dangers and hazards on public highways and make it imperative that more stringent regulation should be employed, to the end that the highways may be rendered safer for the use of the general public; * * * that discrimination in rates charged may be eliminated; that congestion of traffic * * * may be minimized; that the use of the highways for the transportation of property for hire may be restricted to the extent required by the necessity of the general public * * * so that public highways may serve the best interest of the general public."

It is provided by subdivision (c) of section 16 of said act (Vernon's Ann. P. C. art. 1690b (c), that: "Upon the violation of any provision of this Act, or upon the violation of any rule, regulation, order or decree of the Commission promulgated under the terms of this Act, any District Court of any county where such violation occurs shall have the power to restrain and enjoin the person * * * so offending from further violating the provisions of this Act or from further violating any of the rules, regulations, orders and decrees of the Commission. Such injunctive relief may be granted upon the application of * * * any District or County Attorney."

The Legislature of this state has many times authorized the district courts to enjoin persons from violating a criminal law, and the courts have uniformly upheld injunctions issued by virtue thereof. Ex parte Allison, 99 Tex. 455, 90 S. W. 870, 2 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 653; Ex parte Allison, 48 Tex. Cr. R. 634, 90 S. W. 492, 3 L. R. A. (N. S.) 622, 13 Ann. Cas. 684; Johnson v. State (Tex. Civ. App.) 267 S. W. 1057 (error ref.); Ex parte Green, 116 Tex. 515, 295 S. W. 910; Ex parte Green, 114 Tex. 388, 270 S. W. 158; Ex parte Zuccaro, 72 Tex. Cr. R. 214, 162 S. W. 844. In Ex parte Allison, supra, 99 Tex. 455, 90 S. W. 870, 2 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 653, Judge Gaines, speaking for the Supreme Court, in a well-considered case, held the law constitutional which authorized the district court to enjoin parties from using any building for the purpose of gaming or keeping or exhibiting games prohibited by law. The same law was also upheld and the right to have same prohibited by injunction was upheld by the Court of Criminal Appeals in Ex parte Allison, supra, 48 Tex. Cr. R. 634, 90 S. W. 492, 3 L. R. A. (N. S.) 622, 13 Ann. Cas. 684. In Johnson v. State supra, the court upheld the law which permitted a district court to restrain by injunction any person from the actual practice of medicine in violation of the Medical Practice Act as contained in our present statutes, articles 4495 to 4512 (Vernon's Ann. Civ. St.); said injunctive relief being specifically provided for by article 4509 of the Revised Statutes. In Ex parte Green, supra, 114 Tex. 388, 270 S. W. 158, the Supreme Court upheld the act of the Legislature which permitted a district court to enjoin parties from violating the prohibition law.

■■ Appellants contend that the district judge in Brazos county did not have the power to grant the injunction because the Honorable H. F. Kirby, judge of the Seventy-Seventh district, had enjoined the sheriff of Robertson county and all other peace officers from enforcing said law against the named appellants; their contention being that since Judge Kirby had issued said injunctive relief, no other judge could issue any order that would in effect interfere with the order as made by said judge. Appellee was not in any way a party to the injunction granted by Judge Kirby in the Seventy-Seventh district. Neither did said injunction attempt to prohibit appellee as county attorney of Robertson county from filing said injunction proceeding. As was well stated by the Supreme Court in Ex parte Allison, supra, 99 Tex. 455, 90 S. W. 870, 2 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 653, the method of restraining parties from violating the law by injunction is not in conflict with that provision of the same act which makes it a penal offense to violate the same law, and a punishment for the violation of the injunction granted by the trial court would not prevent a party from being also punished for violating the penal statute. The order of Judge Kirby did not in any way affect appellee, neither did it prevent Judge Davis from granting this writ of injunction upon appellee's sworn petition. Judge Kirby's order was directed against the sheriff of Robertson county, while the order of Judge Davis was directed against appellants. Neither the parties nor subject-matter affected by the two orders are the same.

■ Under the plain provisions of the statute in question, any district judge, upon the sworn application therefor by any county attorney, has a right by injunction to restrain parties from violating said law in any county within his judicial district. Since appellee was the regularly elected and duly qualified county attorney of Robertson county, Judge Davis, the district judge in and for Robertson and Brazos counties, had the authority, under and by virtue of the statute in question, to enjoin appellants from violating the named provisions of said act in the counties constituting his judicial district.

The judgment of the trial court is affirmed.