R. L. BRUCE v. THE STATE.

No. 21632. Delivered June 11, 1941.

The opinion states the case.

*John Davenport* and *W. W. Ballard*, both of Wichita Falls, for appellant.

*Millard Threet* and *Jas. W. Harvey*, County Attorney, both of Archer City, *McDonald & Anderson*, of Wichita Falls, and *Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury on each of four counts set forth in a complaint and information, and his punishment assessed at a $1,000.00 fine and also imprisonment in the county jail for a period of twelve months, as shown in the court's judgment.

We are early met in the consideration of this case with a serious question relative to a motion for a severance as reflected

in bill of exceptions No. 1. It appears that appellant and ten others were charged in a complaint and information with the same offense of an unlawful assembly and riot. That appellant, desiring to be tried alone, filed his motion for a severance from his co-defendants. That there was no controverting motion of any kind filed, neither by a co-defendant nor by the State. Under such circumstances it became the duty of the trial court to grant such motion, a severance being a matter of right, unless a continuance of the trial should thereby be caused. See Vargas v. State, 104 Tex. Cr. R. 283 (289), 284 S. W. 564, and authorities there cited.

This matter is clearly presented in the body of bill of exceptions No. 1. There also appears in said bill a certain qualification relative to same, setting forth certain matters that took place at the time such motion for a severance was overruled by the trial court. However, there also appears in said bill an exception to the court's qualification, which is certified by the county judge, which exception contains a request that the judge prepare his own bill relative to such matters. The exception was acknowledged by the court, by him overruled, and the request denied. Under the law this leaves this court with naught to consider save the original bill of exceptions without the court's qualification thereto.

We quote from 4 Tex. Jur., p. 269, Sec. 191, as follows:
"The trial court may not modify or qualify a bill of exceptions save with the consent of the accused or his counsel, and the appellant is under no obligation to accept or file bills which are qualified over his objections and returned to him by the judge.

"The judge should not file bills as qualified unless the appellant agrees to accept them as so modified. If bills are prepared which in his opinion, do not properly reflect the record, he should follow the course prescribed by the statute by suggesting such corrections as he deems necessary, and if these are not agreed to, should return the bills with his refusal to approve them indorsed thereon, and prepare and file a bill of his own. If, instead of complying with the statute, the court files the bill as qualified, the appellant's proper course is to move to withdraw it from the files, and to request the judge to cancel the qualifications and mark the bill refused, and to prepare a bill of his own in lieu thereof. If the trial judge fails or refuses to prepare and file a bill the appellate court may reverse the case upon the ground that the appellant has been deprived

of his bill, or, if the bill as qualified appears in the record, the qualifications may be disregarded, provided they are shown to have been properly objected and excepted to in the court below, and the bill may be considered independently of and without them."

Under the law as above set forth, bill of exception No. 1, as we must consider the same, evidences error. The trial court should have prepared his own bill and filed the same in lieu of the one presented to us, and allowed appellant to have pursued his statutory remedy of a bystanders bill had he desired to do so.

Therefore, because the trial court failed to grant appellant's motion for a severance, the judgment is reversed and the cause remanded.