Tom Lindsey v. The State.

No. 9348.   Delivered October 7, 1925.

Rehearing Denied November 4, 1925.

1.—Possession of Intoxicating Liquor—Indictment—Held Sufficient.

Where the appellant was indicted for the possession of intoxicating liquor for the purpose of sale, and the indictment did not allege the quantity of liquor, his motion to quash was properly overruled. While the law provides that the possession of more than one quart shall be prima facie evidence that it was for the purpose of sale, this provision of the statute need not be pleaded, as it is merely a rule of the quantum of evidence which will support a conviction, subject to rebuttal by the appellant.

**2.—Same—Bill of Exception—Incomplete—Not Considered.**

Where a bill of exceptions complains of the introduction of a judgment of the county court, and does not set out such judgment, nor state the contents of same, no error is pointed out in such bill, and same cannot be considered. Following James v. State, 63 Tex. Crim. Rep. 75 and other cases cited. Also see Branch's P. C. Sec. 207 for collation of many decisions.

**3.—Same—Bill of Exception—Question and Answer Form—Not Considered.**

We are again called upon to announce that bills of exception in question and answer form, by virtue of Art. 846 of our C. C. P. and authorities too numerous for citation, cannot be considered by this court, our reaffirmance of this rule being called for by bills of exception Nos. 4, 5, and 6 presented in the record of this case.

ON REHEARING.

**4.—Same—Indictment—Sufficiency of—Held, Sufficient.**

On rehearing we cannot agree with appellant's contention that our former opinion holding the indictment sufficient was error. The possession of *any quantity of intoxicating liquor for the purpose of sale* is an offense, if such purpose is proven, but where possession of more than a quart is proven on the trial the law declares such proof to be prima facie sufficient to show that the possession was for the purpose of sale, unless rebutted. In no case is it necessary for the indictment to allege the *quantity*, as that is a matter of evidence, which cannot be properly pleaded. Distinguishing Hewitt v. State, 25 Texas 722; Duke v. State, 42 Texas 445; Williams v. State, 12 Tex. Crim. App. 395.

**5.—Same—Statute Construed—Held Valid.**

Sec. 2e, Ch. 22, 2nd C. S. 38th Leg. was not repealed, nor made inoperative by Sec. B of said Act. Sec. 2e is declared to be an amendment of Secs. 1 and 2 of Chap. 61, 1st C. S. of the 37th Leg. The caption of the amendatory act of the 38th Leg. which added Sec. 2e states the purpose of the act to be an amendment of Secs. 1 and 2 of Chap. 78 of the 2nd C. S. 36th Leg. as amended by Chap. 61 of the 37th Leg. by adding thereto Sec. e. The act does not repeal Secs. 1 and 2 but amends by re-writing both, and by adding thereto Sec. e.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*Sid Crumpton,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was indicted and convicted for unlawfully possessing intoxicating liquor for sale and his punishment assessed at one year in the penitentiary.

Appellant assails the validity of the indictment by motion to quash and in several other ways because the indictment alleges the de-

fendant had whiskey in his possession for sale, that the law made possession of more than one quart of whiskey prima facie evidence of guilt, that the proof of the State would and did show appellant had more than one quart in his possession, that the law required everything necessary for proof to be alleged in the indictment and that the indictment failing to allege more than one quart there was a variance in the allegation and proof, etc. We are unable to agree with this contention. The law makes the possession of any amount of whiskey for sale a violation by law and attempts only to regulate or affect the question of proof where it is shown more than one quart is found in defendant's possession. We fail to find any error in the ruling of the trial court in refusing to quash the indictment nor in refusing to instruct a verdict by reason of the allegations thereof or in admission of evidence relative thereto.

In bill of exception No. 2, complaint is made to the introduction of alleged judgment of the county court, but said bill fails to set out said judgment nor state the contents of same, and therefore, is so defective we are unable to tell whether any error was committed or not. This court has repeatedly held it cannot consider such bills. Branch's P. C., Sec. 207, citing James v. State, 63 Tex. Cr. Rep. 75, 138 S. W., 61; Hubbard v. State, 251 S. W., 1054, and many other decisions.

Bills of exceptions four, five and six, are made up of question and answer from which the statute prohibits this court from considering. C. C. P., Art. 846.

Bill of exception nine, complains of the refusal of the court to give a special charge based upon the argument of the district attorney; this bill as qualified by the judge fails to show any error.

We have carefully examined the record of this case and are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—There is no merit in the renewed contention that the indictment was defective in not alleging that accused was in possession of more than a quart of intoxicating liquor for the purpose of sale, the contention being based on the theory that as the State expected to rely upon proof of possession of more than a quart the indictment should have so averred. As stated in our former

opinion, the law makes the possession for sale of any quantity of intoxicating liquor, an offense, and when the State alleges this it has charged a crime.. Because the State expected to rely upon evidence showing possession of more than a quart under the provisions of Section 2e, 2d, C. S., 38 Leg., no more makes it necessary to so allege than it would be necessary to allege the evidence whereby the State expected to show that less than a quart was possessed for the purpose of sale. To uphold appellant's proposition would require the State to plead its evidence. The cases of Hewitt v. State, 25 Texas (Sup. Ct.) 722; Duke v. State, 42 Texas (Sup. Ct.) 445; Williams v. State, 12 Tex. Ct. App. 395, to which we are referred are not in point. Hewitt was prosecuted under a statute which provided that if a person should sell intoxicating liquors in quantities of less than a quart without having obtained a license therefor he would be guilty of a misdemeanor. The indictment failed to allege that he had not obtained the required license. The opinion in that case clearly states if there had been a general prohibition against selling liquors in quantities of less than a quart then to so allege would have charged an offense. The Legislature in the present instance has denounced as a crime the possession for sale of intoxicating liquor regardless of the amount and said Sec. 2e, only prescribes a rule of evidence which may or may not have application depending upon the facts of the particular case.

Appellant further asserts that Sec. 2e, Ch. 22, 2d C. S., 38th Leg., is inoperative because by Sec. B, of said Act, Sec. 2e, is declared to be an amendment of Secs. 1 and 2 of Ch. 61, 1st C. S., of the 37th Leg. when (as he claims) said Secs. 1 and 2 were repealed by the very act when undertook to add Sec. 2e. This contention cannot be sustained. Secs. 1 and 2 were first enacted by the 36th Leg. 2d C. S., Ch. 78. They were amended by the 37th Leg. 2d C. S., Ch. 61. The caption of the amendatory act of the 38th Leg., which added Sec, 2e, states the purpose of the act to be an amendment of Secs. 1 and 2 of Chapter 78 of the 2d C. S., 36th Leg., as amended by Ch. 61, 37 Leg., and further amendment thereof by adding said Sec. 2e. The act does not repeal Secs. 1 and 2, but amends them by re-writing both, and by adding thereto Sec. 2e.

Appellant complains of the disposition made of his bills of exceptions four and five, stating that an inspection of them would show that the forms of the questions were objected to, and therefore the questions and answers were set out in the bills. We think bill number four is not subject to this construction. The objection interposed to the evidence therein set out was because the defendant was under arrest when it was elicited. All the matters complained of in the bill seem to be based upon the first question set out wherein the attorney for the State asked appellant *if before he was arrested*

he had told the officers certain things.   There is no vice in this ques-
tion.   We can discern no necessity for placing the entire bill in
question and answer form.   There is no certificate by the court that
it was necessary to do so in order for this court to understand the
conditions existing at the time the exception was taken.   Jetty v.
State, 90 Tex. Crim. Rep. 846; 235 S. W., 589.

Most of the questions set out in bill number five appear to be
leading, but the bill is not sufficiently explicit to advise us of the
harmful character of the answers given in response thereto.   In
approving the bill the court says the evidence was in reply to a
severe personal attack on the witness Lanier under cross-examina-
tion.   Without a more comprehensive statement than we find in the
bill we must conclude the ruling of the trial court was correct.

Believing proper disposition has been made of the case the motion
for rehearing is overruled.

*Overruled.*