### J. P. Carlisle v. The State.

No. 9822.    Delivered January 20, 1926.

Rehearing denied March 3, 1926.

1.—Possessing Intoxicating Liquor—Charge of Court—Held, Correct.

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, there was no error presented in the charge of the court submitting the law governing the possession of more than one quart of intoxicating liquor. The charge complained of follows Caldwell v. State, 273 S. W., 608, and the authorities there cited.

ON REHEARING.

2.—Same—Charge of Court—Held, Appropriate.

On rehearing, responding to the insistence of appellant that the court's charge submitting the prima facie evidence law in this case was incorrect, we have carefully reexamined the charge complained of and find that same is very appropriate and comprehensive on this issue, and in substantial compliance with the precedents. Following Stoneham v. State, 268 S. W. 205 and other cases cited.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Gibson & Lovett* of Corsicana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment is one year in the penitentiary.

Appellant urged some exceptions to the court's charge and we think these are without merit. His main criticism was leveled at that portion of the court's charge which submitted the statute with reference to the possession of more than a quart of liquor. We think the charge as submitted conforms to the authorities. In fact it seems to follow the ruling of this court in the case of Caldwell v. State, 273 S. W. 608, and the authorities there cited.

There are no other bills of exceptions contained in the record and a consideration of the statement of facts convinces us that the evidence is entirely sufficient to support the verdict.

It is accordingly ordered that the judgment be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Upon a search of the appellant's premises where he, his wife and son resided, there was found a quantity of liquid denominated as "choc beer". Appellant's home and store were in the same building or near together, and back of the store and under the same roof was a small building in which the liquid mentioned was found. In addition to the liquid, there were a number of empty bottles and equipment for capping them, also some of the liquid in bottles, some in bulk, and much in cases. According to the state's testimony, the appellant was standing at the door of the room in which the articles mentioned were found. A short time after the discovery, Marvin Carlisle, son of the appellant, appeared.

It seems that Marvin Carlisle was also indicted and had been previously tried. According to the testimony of the state, appellant admitted that the beer belonged to him. He further said that he did not sell it at retail, though he had formerly

done so, but that he sold it at wholesale; that he had sold ten cases and if the officers had been thirty minutes later, that which he had on hand would have been gone. From the same source, testimony was introduced that appellant had offered the officers one hundred dollars to permit him to escape.

The liquid contained 2.38 per cent of alcohol by volume. According to the testimony of the appellant and his wife, the presence of the liquid upon the premises was not known to them until a very short time before the appellant was arrested. According to his wife, during the absence of the appellant on an errand, she discovered that her son was engaged in bottling beer and immediately told him that it must be taken off the premises. Upon the return of the appellant, the circumstances were related to him and he insisted that his son must remove the liquid from the premises at once. This the son agreed to do, but said that he would not "dump" it.

Appellant claimed that he admitted to the officers the ownership of the property in order to protect his son. He denied any offer to bribe the officers or any admission that he was going to sell the liquid.

A subdivision of the court's charge reads as follows:

"You are instructed that the law provides that where possession for the purpose of sale is made unlawful, that the possession of more than one quart of spirituous, vinous and malt liquor is prima facie evidence that said person possesses the same for the purpose of sale; but the defendant shall have the right to introduce evidence showing the legality of such possession, and you cannot convict the defendant in this case unless you believe beyond a reasonable doubt that the defendant possessed said spirituous, vinous and malt liquors for the purpose of sale, and that the same, if any, contained in excess of one per cent of alcohol by volume."

The other paragraphs of the charge very definitely and accurately state the law with reference to the prohibition of the possession of spirituous, vinous or malt liquors containing in excess of one per cent of alcohol by volume, and made application of the law to the evidence in hand, fully protecting the appellant's rights and putting before the jury both the state's theory and that of the appellant in what occurs to us to be a very appropriate manner.

The subdivision of the charge quoted is attacked upon various grounds. We fail to find it in conflict with the principle to which reference is made in Caldwell v. State, 273 S. W. Rep.

608.   It seems to be in substantial compliance with the precedents.   See Stoneham v. State, 268 S. W. Rep. 156; Newton v. State, 267 S. W. Rep. 272; Lindsey v. State, 276 S. W. Rep. 713; Louis v. State, 278 S. W. Rep. 205.   Moreover, in the present case, if the appellant was in fact the possessor of the liquor within the meaning of the law, the evidence, aside from the inference which the statute (Acts of 38th Leg., 2nd Called Sess., Chap. 22, sec. 2e) sanctions, was sufficient to show that the fluid was possessed for the purpose of sale.

There are no exceptions to the rulings of the court upon the admission or rejection of evidence.   Special charges are found, some of which were given and others refused. A discussion of them is not deemed necessary. Suffice it to say that viewed in the light of the main charge, the action of the court in refusing the special charges was not error.

The motion for rehearing is overruled.

*Overruled.*