R. L. STEPHENSON V. THE STATE.

No. 9789.   Delivered February 3, 1926.

Rehearing denied March 10, 1926.

1.—Possessing Intoxicating Liquor—Evidence—Impeaching Defendant—
Other Indictments.

It is a long-settled rule in this state that where the appellant has testified as a witness he may on cross-examination be compelled to admit that he has been or is at the time under indictment for other offenses. This testimony is only admissible for and can only be considered by the jury as affecting the credibility of appellant as a witness·

ON REHEARING.

2.—Same—Evidence—Held, Sufficient.

Where the indictment charged that the appellant possessed for the purpose of sale, spirituous, vinous and malt liquor capable of producing intoxication, and the proof showed that there were found in the possession of appellant twenty-three bottles of beer, and that the beer was intoxicating, held sufficient. Following Tucker v. State, 94 Tex. Crim. Rep. 505, and other cases cited.

Appeal from the District Court of Nueces County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*B. D. Tarlton* of Corpus Christi, for appellant.

*Sam D. Stinson,* State's Attorney and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful possession of liquor and the punishment is one year in the penitentiary.

The evidence is amply sufficient to support the verdict and the record contains no objections to the charge of the courts. The only bill of exceptions contained in the record complains at the court's action in permitting the state to ask the defendant on cross examination if he is not under indictment in the Federal court for the unlawful sale of intoxicating liquor, and in requiring the defendant to answer said question to the effect that there was another case pending against him in the Federal court. The only objections offered to this testimony was that the other indictment against the defendant is a matter that has no bearing whatever on the case on trial and defendant further objected on the grounds that another indictment in another court might mean that he was guilty or might mean that he was not guilty and could not be used as evidence.

The court qualifies this bill by stating that the clerk of the Federal court at Corpus Christi testified fully on this subject without any objection from the defendant. We fail to discern any error under this condition of this record.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—There were found in the possession of the appellant twenty-three bottles of beer. The evidence, including the admission made in open court, shows that the "beer" was intoxicating. It is urged that this is insufficient in that it fails to show the liquid to be spirituous, vinous and malt liquor. The indictment charged that the appellant possessed for the purpose of sale spirituous, vinous, malt and

intoxicating liquor capable of producing intoxication. The precedents are contrary to the contention of the appellant. See Tucker v. State, 94 Tex. Crim, Rep. 505; Travino v. State, 92 Texas Crim. Rep. 140; Vernon's Tex. Crim. Stat., 1925, Vol. 1, pp. 438-439.

As stated in the original opinion, the bill complaining of the receipt in evidence of the prosecution in the Federal court is not ground for reversal in view of the fact that the same was shown by other uncontroverted evidence.

The motion for rehearing is overruled.

*Overruled.*