### BUCKIE BRIGGS V. THE STATE.

No. 9681.    Delivered February 10, 1926.

**Sale of Intoxicating Liquor—Evidence—Of Other Sales—Improperly Admitted.**

Where, on a trial for the sale of intoxicating liquor, the evidence of the state having disclosed that the liquor sold by appellant was choc beer, and the evidence being conflicting as to whether or not the beer sold was intoxicating, it was error to permit the state to prove other sales of choc beer made by appellant to other parties, and that such beer was intoxicating.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*E. L. Hartwell, Crosby & Estes* and *Jas. W. Bassett,* of Greenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hunt County of selling intoxicating liquor, and given two years in the penitentiary.

Flynn May swore that on January 31, 1925, he and Hunt bought a quart of choc beer from appellant, each drank about half, and that it made him drunk; two hours later he and Rob-

erts bought a half gallon of the same liquor from appellant and drank it and it made him drunker. The offense charged was the sale of intoxicating liquor.

Appellant introduced said Hunt and he swore he was with May, bought choc beer, drank his half and it had no effect on him and did not make him drunk, and that he saw no evidence of drunkenness on the part of May. Appellant introduced two witnesses who testified that they witnessed the fact of possession of a quantity of choc beer by May and Roberts in a barn near appellant's house and saw said parties pour what looked like Jamaica ginger into said beer. On cross-examination of one of these witnesses the state drew out the fact that choc beer would not make a man drunk. Appellant introduced another witness who gave no material testimony, but the state on cross-examination drew out of this witness that at a different time and place he had bought choc beer from appellant.

In its rebuttal the state called two witnesses who testified that on different occasions from that referred to by Flynn May, they bought choc beer from appellant, and one of them said it was intoxicating, and the other, that he felt the effects of it. The state also called two other witnesses who testified that choc beer would make a man drunk, that it was intoxicating at a certain stage, each of them saying that at certain stages it had little effect and that at other stages it would make a man drunk. In rebuttal for the defense appellant introduced two witnesses who testified that they had gotten choc beer from appellant several times, which did not make them drunk.

Appellant complains by several bills of exception of the introduction of separate and distinct sales by him of choc beer and that the same so bought on said occasions was intoxicating. These bills are qualified by the learned trial judge who states that he admitted the testimony as bearing upon the question as to whether the choc beer sold to Flynn May was intoxicating, and for the further purpose of meeting the defense that choc beer was not intoxicating. As we understand the record before us, the appellant introduced no testimony supporting the general proposition that choc beer was not intoxicating liquor. He did have witness Hunt testify that the beer sold by appellant to May on the occasion in question was

not intoxicating and he did have witness testify in his attempted rebuttal of the state's testimony, that they had bought choc beer from appellant and that it did not make them drunk. The only witness who testified in general terms that choc beer would not make a man drunk was a defense witness, and this testimony was elicited from him on cross-examination by the state.

In our opinion the court was in error in permitting, under the facts of this case, the testimony of the witnesses who said they bought choc beer from appellant on other occasions and that it was intoxicating. It appears evident from the testimony in this case that such beer is not at all times intoxicating. That being true, the defensive theory that the beer sold to May was not intoxicating, could only be met and overcome by proof of the sales of beer in a like condition as that sold him, or a portion of the same beer, and thus it be shown to be intoxicating.

Any testimony was competent on the part of the state which would legitimately tend to show that the beer sold to Flynn May was intoxicating. Since it was shown that choc beer at some stages was intoxicating, and at others not, we do not believe that proof of the sale of intoxicating choc beer to other men at other times could have any legitimate effect in ascertaining and establishing the intoxicating quality of the particular beer sold to May, or legally aid in solving the issue thus combated by the testimony of Hunt and affirmed by that of May.

The testimony referred to unquestionably had a material effect in satisfying the jury that appellant was at least a violator of the law and one deserving of punishment. Proof of the fact that one is a criminal generally is conceded to be prejudicial.

Believing the court in error in the matters discussed, it is ordered that the judgment be reversed and the cause remanded for another trial.

*Reversed and remanded.*