FRED BURLEY V. THE STATE.

No. 10447.   Delivered December 15, 1926.

1.—Possessing Intoxicating Liquor—Indictment—Variance Between Allegation and Proof—Fatal.

   Where appellant was on trial under an indictment drawn under Art. 566, P. C. of 1925, which charged possession for the purpose of sale of spirituous, vinous and malt liquor, capable of producing intoxication, and the proof showed him in possession of liquor containing more than 1 per cent of alcohol by volume, denounced by Art. 667, P. C., this variance was fatal.

2.—Same—Statute Construed.

   Art. 667 of our statute of 1925 denounces as a crime the possession for the purpose of sale any potable liquor, containing in excess of 1 per cent of alcohol by volume.   This is not the same offense as that denounced by Art. 666 of the P. C.   Following Henson v. State, 103 Tex. Crim. Rep. 502; Estell v. State, 91 Tex. Crim. Rep. 481, and other cases cited.

   Appeal from the District Court of Hunt County.   Tried below before the Hon. J. M. Melson, Judge.

   Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

   The opinion states the case.

   *Morgan & Morgan,* for appellant.

   *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

   HAWKINS, JUDGE.—Appeal is from a conviction for possessing for the purpose of sale intoxicating liquor, punishment being one year in the penitentiary.

   The indictment contained only one count and was drawn under Article 666, P. C. (1925), which denounces as a crime the possession for the purpose of sale of spirituous, vinous or malt liquors capable of producing intoxication.   Article 667 P. C. (1925) also denounces as a crime the possession for the purpose of sale of any potable liquor containing in excess of one per cent of alcohol by volume, but there was no attempt to charge this offense in the indictment. The offenses named in Articles 666 and 667 are not the same. Henson v. State, 103 Tex. Crim. Rep. 123, 280 S. W. 592; Estell v. State, 91 Tex. Crim. Rep. 481, 240 S. W. 913; Huddleston v. State, 103 Tex. Crim. Rep. 108, 280 S. W. 218; McNeil v. State, 93 Tex. Crim. Rep. 259, 247 S. W. 536.

The liquor found in appellant's possession is referred to by the witnesses as "home brew." The state introduced evidence that it contained more than one per cent of alcohol by volume, and apparently centered its efforts to make out a case such as might have been charged under Article 667, P. C. The court instructed the jury that "intoxicating liquor included any potable liquor containing in excess of one per cent of alcohol by volume, and that unless the home brew found in appellant's possession contained in excess of one per cent of alcohol by volume he should be acquitted." The court declined to amend his charge in the particulars mentioned over proper written objection that such instructions were incorrect under the indictment and authorized a conviction for an offense which the indictment did not undertake to charge. The Estell case (supra) is direct authority upon the point sustaining appellant's contention.

From the record it is apparent appellant has been convicted for an offense for which he was not indicted. A count charging the offense under Article 667, P. C. might properly have been placed in the indictment, but in its absence the charges given were erroneous, and the conviction cannot stand.

The judgment is reversed and the cause remanded.

                                   *Reversed and remanded.*