J. C. Burgess v. The State.

No. 11445.   Delivered April 18, 1928.
Rehearing denied October 3, 1928.

The opinion states the case.

*D. J. Brookreson* of Benjamin for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

It was charged in the indictment that—

"J. C. Burgess did then and there unlawfully sell to L. C. Cole, intoxicating liquor."

Appellant filed a motion to quash the indictment. One of the objections thereto was that the term "intoxicating liquor" as used in the indictment included liquor containing in excess of one per cent of alcohol by volume as well as liquor capable of producing intoxication, and that the indictment was therefore duplicitous in that it charged a violation in one count of the provisions of Article 667 P. C. as well as those of Article 666 P. C. Appellant's contention is based on the fact that Article 672 P. C. in defining intoxicating liquor expressly provides that the term shall include all liquors referred to in both Articles 666 and 667.

Article 666 prohibits the sale of liquor capable of producing intoxication. Article 667 denounces as an offense the sale of any liquor containing in excess of one per cent of alcohol by volume. Article 672 provides:

"The words 'intoxicating liquor' or 'liquors,' hereafter used in this chapter shall be held to include and comprehend all liquors referred to in the first and second articles of this chapter, and the said liquors prohibited by said articles will hereafter be referred to herein for convenience as 'intoxicating liquors'."

The offenses named in Articles 666 and 667 are not the same. Burley v. State, 288 S. W. 1089 and authorities cited. A charge under Article 666 that the accused sold spirituous, vinous and malt liquor capable of producing intoxication is not supported by proof that a potable liquor containing in excess of one per cent of alcohol by volume was sold. Burley v. State, supra. The definition of intoxicating liquors contained in article 672 points forward to the remainder of the act dealing with the subject of intoxicating liquors. In Estell v. State, 240 S. W. 913, this court held that said article does not point back to Articles 666 and 667 and does not affect the fact that the language of said articles by its plain import distinguishes the sale of liquor capable of producing intoxication from the sale of liquor having one per cent of alcohol by volume. Hence it would seem that an allegation that the accused sold intoxicating liquor would not be sufficient to charge the offense of selling liquor containing in excess of one per cent of alcohol by volume, but would relate solely to the offense denounced in Article 666, that is, the sale

of liquor capable of producing intoxication. Such conclusion is in consonance with the announcement of this court, in Estell v. State, supra and Burley v. State, supra. We must therefore overrule appellant's contention.

There was no attempt upon the part of the pleader to charge a violation of the provisions of Article 667 P. C. It was therefore unnecessary to include an allegation in the indictment to the effect that the liquor alleged to have been sold contained in excess of one per cent of alcohol by volume. Nor can appellant's contention that no offense is charged under the provisions of Article 666 P. C. be sustained. It was expressly alleged in the indictment that the liquor alleged to have been sold was intoxicating liquor. This court has repeatedly held that an allegation to the effect that the accused sold liquor capable of producing intoxication is sufficient and that the failure to state in the indictment that the liquor was spirituous, vinous and malt did not have the effect of invalidating it. Tucker v. State, 251 S. W. 1090; Lenz v. State, 290 S. W. 167. That an allegation that the liquor alleged to have been sold was intoxicating liquor is equivalent to the allegation that said liquor was capable of producing intoxication seems obvious.

No other matters are presented for review. The evidence is sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The facts, so far as they bear upon the matters discussed and the legal questions presented, are the same as those involved in the case of Smith v. State, No. 11,444, and reference is made to the original opinion and the opinion on motion for rehearing in that case.

The motion for rehearing is overruled.

*Overruled.*