W. M. Johnson v. The State.

No. 12197.  Delivered May 22, 1929.

The opinion states the case.

*Chostain & Judkins* and *Milton E. Lawrence,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense charged is the unlawful possession for the purpose of sale of malt, vinous and spir-

ituous liquor containing in excess of one per cent of alcohol by volume, as denounced by Art. 667, P. C., 1925; punishment fixed at confinement in the penitentiary for a period of two years.

The liquor in question was 140 bottles of beer. While controverted the proof was sufficient to show that it was possessed by the appellant, and there were circumstances tending to show that it was intended for sale. The liquid was not analyzed but was proved to be beer, a malt liquor containing more than one per cent of alcohol by volume. The appellant testified that the liquor was not intended for sale but for the use of himself and some friends who were going on a fishing trip.

The court instructed the jury in substance that the possession of more than one quart of malt liquor containing in excess of one per cent of alcohol by volume would be prima facie evidence of the guilt of the accused. The instruction mentioned was made the subject of complaint and is properly presented for review. The contention is deemed sound. In Art. 666, P. C., traffic in intoxicating liquors is denounced. Manifestly, the purpose of Art. 667, P. C., was to penalize the traffic in nonintoxicating liquors. The right under the Constitution of the State through appropriate legislation to control the traffic in non-intoxicating beverages has been upheld on many occasions. See Luther v. State of Nebraska, 20 L. R. A. (N. S.) 1146, and annotations in the notes; also North Dakota v. Fargo Bottling Works Co., 26 L. R. A., (N. S.) 873, and the authorities cited in the opinion and notes. See also Claunch v. State, 82 Tex. Crim. Rep. 355. The distinction between the two offenses denounced by the statute mentioned is clearly stated in the opinion of this court written by Judge Lattimore in Estell v. State, 91 Tex. Crim. Rep. 481; also in the case of Burgess v. State, 9 S. W. (2d) 339. The distinction has been recognized by the Supreme Court of this State in Ex parte Green, 114 Tex. Rep. 389. The same ruling has been followed in numerous decisions of this court. Among them are the following: McNeil v. State, 93 Tex. Crim. Rep. 261; Berry v. State, 94 Tex. Crim. Rep. 5; Hooper v. State, 94 Tex. Crim. Rep. 279; Phillips v. State, 94 Tex. Crim. Rep. 496; Tucker v. State, 94 Tex. Crim. Rep. 508; Meador v. State, 94 Tex. Crim. Rep. 608; Turner v. State, 95 Tex. Crim. Rep. 594; Hughes v. State, 99 Tex. Crim. Rep. 247; Huddleston v. State, 103 Tex. Crim. Rep. 110; Henson, et al. v. State, 103 Tex. Crim. Rep. 126; Burley v. State, 105 Tex. Crim.

530

Rep. 409; Williams v. State, 106 Tex. Crim. Rep. 420; Jackson v. State, 109 Tex. Crim. Rep. 529.

In giving the instruction of which complaint is made the learned trial judge was doubtless influenced by the language in Arts. 671 and 672, P. C., 1925, which read respectively as follows:

"Wherever possession * * * for the purpose of sale, is made unlawful by law, proof of possession of * * * more than one quart of *intoxicating liquors,* shall be prima facie evidence of guilt."

"The words 'intoxicating liquors,' or 'liquors' *hereafter used in this chapter* shall be held to include and comprehend all liquors referred to in the first and second articles of this chapter, and the said liquors prohibited by said articles will hereafter be referred to herein for convenience as 'intoxicating liquors.' "

Concerning the article last quoted it was said in Estell v. State, supra, as follows:

"This by express terms points forward to the remainder of said Act, and must be held to speak the legislative intent, and that same does not point back to the two preceding sections and cannot be held to affect the fact that the plain import of said two preceding sections is to distinguish the manufacture, sale, etc., of liquor having one per cent alcoholic content."

Under the statute, where one is charged in Article 666, P. C., with the possession of *intoxicating liquor* for the purpose of sale, the proof of possession of more than one quart of such liquor is made by law prima facie evidence of the intent to sell. This perforce of the statute, Art. 671, supra. Such is not the case where the trial is for the possession of a non-intoxicating beverage such as is denounced in Art. 667, P. C., for the reason that Art. 671 does not bear upon the latter offense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*