OSCAR LEMING v. THE STATE.

No. 12568.　Delivered May 22, 1929.

564

The opinion states the case.

*W. T. Scarborough* of Kennedy, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession for the purpose of sale of potable liquor containing in excess of one per cent of alcohol by volume; punishment fixed at confinement in the penitentiary for a period of two years.

On October 25, 1928, the place of business of the appellant, which was also his dwelling-house, was searched. It was situated near the public road and consisted of a store, filling station for the sale of gasoline and automobile accessories, restaurant and place of amusement, with music, etc. The search resulted in finding nothing in the building, but back of it some eight or ten yards there were found forty pint bottles of ice-cold liquid. Some sixty yards from the house there was a thicket or country grown up with brush into which there led a dim road. Traveling this road for a distance of 250 or 300 yards the officers discovered 180 pints of this liquid, some jars containing what they denominated as "beer mash" and some empty bottles. At the time of the search the appellant was not at home.

Preliminary to the trial the appellant presented an application for a continuance or postponement to secure the testimony of his wife

who was present when the search was made. Her testimony would have shown that she resided at the place that was searched, which was about six miles from Beeville; that she had continuously lived there; that there had never been in possession of the appellant for the purpose of sale any potable liquor containing in excess of one per cent of alcohol by volume, and that he had had no such liquor upon his premises at any time. The application was the first one. The witness was under process. A statement of the doctor attending her was attached to the motion. Oral evidence was heard in which the physician testified that he had been treating the witness for some six weeks; that at one time her temperature arose to a very high degree; that she yielded to treatment for her nervous affection, but had a severe cold and in the opinion of the doctor this would be detrimental to her health, and her forced attendance might have a serious result.

The evidence in the case was wholly circumstantial both as to the possession of the liquid in question by the appellant and as to its illegal character. The court instructed the jury that the evidence was wholly circumstantial. The liquid in question was "home-brew" beer. There was no direct testimony touching its illegal contents, and the evidence is deemed sufficient to justify the finding that its alcoholic contents was in excess of one per cent by volume. Where the liquid has characteristics solely as "beer" the law recognizes it as an intoxicant. If, however, it is described with qualifying words, such as spruce beer, root beer, small beer, ginger beer, choc beer and home brew, its contents is not a matter of judicial knowledge. See Henson v. State, 280 S. W. Rep. 593; Moreno v. State, 64 Tex. Crim. Rep. 660; Briggs v. State, 280 S. W. Rep. 775; Stephenson v. State, 280 S. W. Rep. 782; Carlisle v. State, 280 S. W. Rep. 590; Williams v. State, 292 S. W. Rep. 898. Considered in the light of the record, it is thought that, on account of the application for a continuance, a new trial should have been ordered.

The State used but two witnesses, namely, the officer who made the search and the sheriff who gave testimony touching the character of the liquid. After developing from the witness who made the search the facts above set forth with reference to the result of the search, it was developed from him that at a time some seven weeks before the search mentioned, namely, September 1st, he and others, while stopping at the appellant's place to get water, without any search, observed a quantity of bottles in crates containing a liquid which was circumstantially shown to have been "home-brew" beer;

that they seized between 400 and 500 of such bottles and destroyed all but three, which were delivered to the prohibition officers. Upon the development of the testimony last mentioned the appellant requested that the State be required to elect as between the transactions. In refusing to require the State to elect upon which transaction it would rely for a conviction, it is thought that error was committed which was calculated to prejudice the rights of the accused. It was affirmatively shown from the State's witnesses that the transaction of September 1st and that of October 25th were separate and distinct. Under the charge of the court, either or both of them may have formed the basis of the verdict which assessed against the appellant double the minimum penalty. When, as in the present case, the evidence develops more than one separate transaction, the State should be required to elect as to which transaction it will rely upon for a conviction. Such is a settled principle of law applied in numerous decisions of the courts of this state. See Branch's Ann. Tex. P. C., Sec. 444, and collation of precedents under subdivision 12, page 233. Among the later cases upon the subject are: Simms v. State, 265 S. W. Rep. 897; Stringer v. State, 10 S. W. (2d) 721; Sims v. State, 13 S. W. (2d) 98.

An attempt was made to qualify the bill of exceptions in which the above matters were presented, the qualification being so drawn as to negative some of the substantial matters in the bill. It appears, however, that after signing the bill the court signed a statement showing that he qualified it over the objection and exception of the appellant. The judge was without authority to contradict or qualify the bill without the consent of the appellant' or his counsel. See Exon v. State, 33 Tex. Crim. Rep. 461. This court must give effect to the bill without reference to the qualification made against the objection and will of the accused or his counsel. See Thomas v. State, 83 Tex. Crim. Rep. 325; Schmidt v. State, 97 Tex. Crim. Rep. 197; Lilley v. State, 100 Tex. Crim. Rep. 371; Dailey v. State, 106 Tex. Crim. Rep. 99; Barton v. State, 107 Tex. Crim. Rep. 77.

In view of another trial we mention the fact that in a prosecution for an offense denounced by Art. 667, P. C., a charge on the law of prima facie evidence, as contained in Art. 671, P. C., is not applicable. See Estell v. State, 91 Tex. Crim. Rep. 481; Johnson v. State, No. 12, 197, not yet reported.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*