**RODIECK v. STATE.**   (No. 12533.)

Court of Criminal Appeals of Texas.

June 5, 1929.

Rehearing Denied Oct. 23, 1929.

Truman Warren, of Tyler, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The conviction is under article 667, Pen. Code 1925, denouncing as an offense the possession for the purpose of sale of potable liquor containing in excess of 1 per cent. of alcohol by volume; punishment fixed at confinement in the penitentiary for a period of one year.

Acting under a search warrant, the appellant's house was searched and a quantity of home-brew was found. The officers found about 30 gallons in crocks or jars, a quantity of mash, about 100 bottles containing home-brew, a syphon, funnels, strainers, bottle cappers, a quantity of caps, about 300 empty beer bottles, and two kegs of wine estimated at ten gallons. There was one room which was locked with a Yale lock and opened with a key obtained from the appellant. In the room they found a dining table, a box of sugar, and some "paraphernalia." The quantity of what the officers regarded as contraband articles was more than they could carry in their automobile. They engaged a truck to haul off the stuff and later destroyed part of it. The wine was under the floor and was reached by way of a trapdoor. There was an electric refrigerator in the place. The liquid called "home-brew" was analyzed and found to contain 3.30 per cent. of alcohol by volume. According to the testimony, the old-fashioned beer contained about 3 per cent. of alcohol.

A witness testified that his residence was about two blocks from that of the appellant. He said that prior to the date of the raid on which the discovery was made, his attention was attracted to people visiting the home of the appellant; that the side gate was open and people frequently went there and stayed several hours; that he saw a great number of people go there at all times of the day and night; that he could not say about the nighttime, as he generally went to bed at night; but that in the daytime it seemed like it was continuous from June on, as well as he could remember. The witness also said that sometimes when the people left the appellant's house in a car, there seemed to be something wrong with the driver; that they drove like the street was not wide enough for them.

Another witness testified that upon watching the premises of the appellant he saw people on the back porch sitting around a table; that they were served with something from bottles. This would occur at night. Upon one occasion he saw six or seven, including both men and women, sitting around a table; and that something in brown bottles was taken out of the ice box and placed upon the table. They transacted some kind of a business with the appellant, but the witness could not say whether they paid him or not; that after getting through drinking they would come out.

The appellant testified that in the search there was seized a five-gallon jar of home-brew which would fill five dozen bottles. The liquid was ready to bottle and was made for medicinal purposes. He said that he had been operated upon and used the home-brew to prevent constipation; that it had been recommended to him. He did not know he was violating the law, as it was made for his own use. He had never sold any of the liquid. He did not know the alcoholic contents of either the home-brew or the wine. Neither did he know that the law prohibited the making of home-brew. He said he drank daily about five bottles of the home-brew and served it to his friends whenever they came to see him; that sometimes they would bring lunch with them. He knew that it was contrary to law to sell or transport home-brew but did not known that it was against the law to make it. He had five gallons of wine in one keg and the other was vinegar in the making. He explained the presence of the six or eight people seen by the witness with the statement that some of them had brought beer with them and had put it in his ice box to keep it cool.

There are no bills of exceptions in the record, but in the brief there is complaint of the fact that the court instructed the jury, in accord with article 671, Pen. Code 1925, that the possession of more than one quart of intoxicating liquor was primâ facie evidence of guilt. The form of the charge is in accord with the approved precedents. There was error in giving the charge, as it was not applicable to the offense with which the appellant was charged and convicted. Johnson v. State (Tex. Cr. App. No. 12197) 17 S.W.(2d) 1074. However, this court is not, under the present record, authorized to reverse the case because the charge was given. To bring it into review the action of the court in giving such a charge makes it necessary that objection be made to it before the charge is read to the jury and exception be reserved presenting the matter for review. See Code Cr. Proc. 1925, arts. 658, 660, and 667.

The judgment is affirmed.

### On Motion for Rehearing.

LATTIMORE, J. ▉ Appellant files a persuasive motion for rehearing, urging that a part of the charge given to the jury was so inapplicable as to make the giving of same fundamental error. We are unable to agree with the contention that an error apparent on the face of the record is necessarily fundamental in character. The offense charged against appellant in the fourth count of the indictment—this being the count submitted to

the jury—was the possession for the purpose of sale of liquor containing more than 1 per cent. of alcohol by volume. The proof seems to overwhelmingly support the fact of such possession by appellant. We have examined the record to see if there was any testimony before the jury to the fact that examination of the liquor in question showed it to be intoxicating, but have found none. As said in our original opinion, that part of the charge relating to the presumption arising from the possession of a given quantity of intoxicating liquor might be inapplicable in this case, but since the court put a provision in that part of his charge requiring the jury to believe, before they could give weight to such presumption, that the liquor found in appellant's possession was intoxicating, we are unable to see any great weight in the contention that the giving of such charge was harmful.

Being of opinion that the case was properly decided, the motion for rehearing will be overruled.