R. BERNAL v. THE STATE.

No. 12689. Delivered November 13, 1929.
Reported in 21 S. W. (2d) 670.

The opinion states the case.

*Magus Smith* and *Mason Maney,* both of Pearsall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possessing for the purpose of sale a malt liquor containing in excess of one per cent of alcohol by volume; the punishment confinement in the penitentiary for one year.

The state's motion to dismiss the appeal must be granted. We are unable to tell from the caption when the term of court at which appellant was tried adjourned. Two dates of adjournment are shown, one September 17, 1927 and the other February 16, 1929. See Sherwood v. State, 225 S. W. 1101.

Appellant is granted fifteen days from this date in which to amend the caption.

The appeal is dismissed.

*Appeal dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MARTIN, JUDGE.—The defective caption, which caused the dismissal of this appeal, having been corrected, the appeal is reinstated and will be considered on its merits.

Offense, the unlawful possession for the purpose of sale of malt liquor containing in excess of one per cent of alcohol by volume; penalty, one year in the penitentiary.

The evidence shows that officers, with appellant's permission, searched his premises. They found thereon eighteen bottles of beer, a still, capping machine, etc. Appellant's signed statement was in-

troduced by the State which contained the admission of ownership and manufacture by himself of the beer found and claiming same was for his personal use. Appellant introduced no testimony. The Court submitted in his charge only the offense named above. Among the paragraphs of his charge we quote the following:

"You are further instructed that wherever the possession for the purpose of sale of malt liquor containing in excess of one per cent of alcohol by volume is made unlawful by law, proof of possession of mash, or a still or any device for manufacturing intoxicating liquor shall be prima facie evidence of guilt, but the defendant shall have the right to introduce evidence showing the legality of such possession."

Appellant was prosecuted and convicted under Art. 667 of the Penal Code. The quoted paragraph of the Court's charge was an attempt to apply the prima facie evidence statute incorporated in Art. 671, P. C., to the offense charged. It has no application to such an offense. Johnson v. State, 17 S. W. (2nd) 1074; Leming v. State, 17 S. W. (2nd) 1075. It will be noted that the Court authorized an inference of guilt of the offense charged upon proof of the possession of a still, its effect being to charge that guilt of possession of non-intoxicating liquor, defined and denounced in Art. 667, P. C., was prima facie, if the evidence showed the possession of a still by the accused. Appellant offered no defense against the charge of possession of a still and was not called upon to do so under the allegations of the indictment. After the evidence closed the Court authorized his conviction of possession of liquor containing in excess of one per cent of alcohol by volume upon proof that he possessed a still, or at least this was the practical effect of the quoted portion of his charge. Possession of a still is a distinct offense from that charged in the instant case and its possession is under no circumstances prima facie evidence of guilt of the offense defined in Art. 667, P. C.

For the error in said charge the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.