JOHN HERNDON v. THE STATE.

No. 16378. Delivered March 21, 1934.
Reported in 69 S. W. (2d) 771.

*Reversed and remanded.*

·The opinion states the case.

*Geo. S. McCarthy,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is the possession for the purpose of sale of a potable liquor containing in excess of one per cent of alcohol by volume; the punishment, confinement in the penitentiary for one year.

A quantity of home brew was discovered by officers in the living quarters of appellant. An analysis disclosed that some of the liquor contained approximately seven per cent of alcohol by volume. There was no proof that appellant had ever sold or offered to sell liquor of any kind. Appellant did not testify.

The count of the indictment under which appellant was convicted charged that appellant possessed for the purpose of sale a potable liquor containing in excess of one per cent of alcohol by volume. The court, in substance, instructed the jury that the possession of more than one quart of liquor containing in excess of one per cent of alcohol by volume would be prima facie evidence of possession for the purpose of sale. Article 671, P. C., which authorized a charge in an appropriate case to the effect that possession of more than one quart of intoxicating liquor may be taken as prima facie evidence of the fact that such possession is for the purpose of sale, is not applicable to a case in which the indictment charges the possession for the purpose. of sale of potable liquor containing in excess of one per cent of alcohol by volume. Shaw v. State, 21 S. W. (2d) 1049; Johnson v. State, 17 S. W. (2d) 1074. In the case of Shaw v. State, supra, the indictment charged a sale of potable liquor containing in excess of one per cent of alcohol by volume. The provisions of article 671, supra, were embraced in the charge of the court. No exception was taken thereto. Reaching the con-

clusion that the matter presented fundamental error, this court called attention to the fact that the state relied entirely upon possession of the liquor, there being no proof that the accused had sold or offered to sell any of said liquor. In reversing the case, Judge Lattimore, speaking for the court, used language as follows:

"We have held that in such case it is erroneous to give in charge to the jury the provisions of article 671, Penal Code, which authorizes a charge in an appropriate case to the effect that possession of more than a quart of intoxicating liquor may be taken as prima facie evidence of the fact that such possession is for the purpose of sale. Johnson v. State (Texas Crim. App.), 17 S. W. (2d) 1074; Leming v. State (Texas Crim. App.), 17 S. W. (2d) 1075. The giving of said charge in this case was not excepted to, nor was the proposition that giving same was erroneous advanced in the motion for new trial.

"We are constrained to the view that the giving of the charge under the facts of this case was fundamentally erroneous. While appellant did not admit his possession of the potable liquor described in the indictment, the state's testimony was sufficient to justify the jury in believing him in possession of same. No witness testified to any sale of liquor by appellant, and the inference of possession for sale rested solely upon the quantity of liquor possessed, aided by slight circumstances otherwise. It being then established by the state's testimony that appellant possessed 100 bottles of said potable liquor, a quantity considerably in excess of one quart, the court's instruction to the jury that possession by the appellant of more than a quart of such liquor would be prima facie evidence of the fact that he possessed it for purposes of sale appears to us to be a misstatement of the law of such materiality as to render it exceedingly probable that the rights of the accused were affected injuriously thereby. So believing, the motion for rehearing will be granted, the judgment of conviction set aside, and the judgment will now be reversed and the cause remanded."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.