## MAY KING V. THE STATE.

No. 11193.    Delivered March 28, 1928.

**Possessing Intoxicating Liquor — Unlawful Search — Evidence Secured— Inadmissible.**

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, the evidence of the result of a search of appellant's premises, which was illegal, was improperly admitted. Aside from the evidence of the officers of the search, the proof of the possession of the liquor for the purpose of sale being insufficient, the judgment must be reversed and the cause remanded. See Art. 727a, C. C. P., 1925.

Appeal from the District Court of Eastland County. Tried below before the Hon. Elzo Bean, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty two and one-half years in the penitentiary.

The opinion states the case.

*Chastain & Judkins* of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE. — Possession of intoxicating liquor for the purpose of sale is the offense, punishment fixed at confinement in the penitentiary for a period of two and one-half years.

There were two counts in the indictment, one charging the sale of intoxicating liquor, the other the unlawful possession thereof.

Possessed of a search warrant, certain officers searched the house occupied by the appellant and found a jug of whiskey, a number of bottles of beer and some wine. There was testimony that the appellant had sold whiskey. The transaction occurred. in February, 1927. A witness testified that he bought a bottle of whiskey from the appellant some four or five months before that time. However, this testimony was controverted by his own affidavit to the contrary and by the testimony of the appellant, and the count charging sale was abandoned. Her entire testimony on the subject of possession was as follows:

"I was at home on February 25, on the occasion when the officers of the law visited my house. * * * I recognize those two bottles. It is my property. I never did deny that it was my property. I had this liquor for my own use."

The warrant for the search was illegal in that it was not based upon the proper affidavit. The introduction of proof of the result of the search was inhibited by the statute, Art. 727a, C. C. P., 1925, and was received over appropriate objection by the appellant and the ruling is properly presented for review. In meagerness of other testimony, the error in receiving the testimony of the officers cannot be regarded as harmless. Except in the testimony quoted, the appellant made no admission of the possession of anything. The only bottles mentioned by the officers were beer bottles. One or more of them seem to have been on hand at the trial, though they do not appear to have been introduced in evidence, nor is the size of them stated. If the possession by her of two bottles of intoxicating liquor be inferred, the inference that it was possessed for sale could come alone from the testimony of the searching officers which was improperly before the jury. Such improper testimony was no doubt appropriated by the jury on the issue of intent and the penalty, which was fixed far in excess of the minimum.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*