WATSON v. STATE. (No. 11759.)

Court of Criminal Appeals of Texas. May 16, 1928.

Rehearing Denied June 20, 1928.

1. Criminal law ⟨key⟩169(3)—Having testified to facts as stated by officers relating to quantity of whisky possessed, defendant cannot claim he was injured by officers' testimony, even if improperly admitted.

Having testified to same facts as stated by officers relating to quantity of whisky he possessed, defendant cannot claim to have been injured by testimony of officers, even if such testimony was improperly admitted.

On Appellant's Motion for Rehearing.

2. Criminal law ⟨key⟩1036(1)—Defendant, not complaining of reception in evidence of affidavit, search warrant, and declaration made by him, cannot complain on appeal.

Where defendant in liquor prosecution did not complain of reception in evidence of af-

fidavit, search warrant, and declaration made by him at time of search to effect that he had been selling whisky, he cannot complain on appeal.

3. Criminal law ⟨key⟩1090(8)—To invoke review of trial court's action on receipt or rejection of evidence, bill of exceptions is imperative.

In order to invoke a review of action of trial court on receipt or rejection of evidence, a bill of exceptions is imperative.

Commissioners' Decision.

Appeal from District Court, Rains County; Grover Sellers, Judge.

D. Watson was convicted of possessing intoxicating liquor for the purpose of sale, and he appeals. Affirmed.

Dial & Brim, of Sulphur Springs, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

Operating under a search warrant, officers searched appellant's residence and found therein two gallons of whisky. Testifying in his own behalf, appellant admitted the possession and ownership of the whisky, but declared that he was in bad physical condition and used it for medicinal purposes.

[1] It is unnecessary to determine whether the search warrant was legally sufficient. Appellant testified that the whisky belonged to him. Having testified to the same facts as stated by the officers relative to the quantity of whisky he possessed, appellant cannot now claim to have been injured by the testimony of the officers, even if such testimony was improperly admitted. Frey v. State (Tex. Cr. App.) 3 S.W.(2d) 459; McLaughlin v. State, 4 S.W.(2d) 54, opinion No. 11286, delivered February 15, 1928; Sifuentes et al. v. State, 5 S.W.(2d) 144, opinion No. 11546, delivered March 7, 1928; Gonzales v. State (Tex. Cr. App.) 299 S. W. 901; Wagner v. State, 53 Tex. Cr. R. 306, 109 S. W. 169.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Appellant's Motion for Rehearing.

CHRISTIAN, J. In an able motion for rehearing, appellant asserts that we were in error in holding that, inasmuch as he testified to the same facts related by the officers, he could not claim to have been injured by their testimony, even if the court improperly admitted such testimony. Appellant contends that he was injured by the illegal tes-

timony of the officers because of the following facts:

(1) Appellant testified that he possessed the whisky for medicinal purposes, and denied that he stated to one of the officers that he had been selling whisky.

(2) One of the officers testified in response to a question by the district attorney that appellant stated to him at the time the search was made that he had been selling whisky.

(3) The affidavit for the search warrant and the search warrant were introduced in evidence by the state.

In order to determine whether appellant's contention is meritorious, we have again reviewed the record in the light of appellant's four bills of exception.

Bill of exception No. 1 was taken to the action of the trial court in refusing to permit appellant to ask the sheriff, in effect, if the affidavit for the search warrant was not based on mere suspicion. In short, the bill shows that appellant excepted to the action of the court in refusing to permit him to elicit from the witness the information or knowledge of which he was possessed at the time he made the affidavit. Bill of exception No. 4 is concerned with the identical complaint brought forward in bill No. 1, except that appellant endeavored to question the second affiant concerning any knowledge or information he had showing "probable cause" for making the affidavit for a search warrant. In neither of said bills is complaint made of the action of the court in permitting the state to introduce in evidence the affidavit and search warrant, and to prove that appellant stated to one of the officers at the time of the search that he had been selling whisky. Hence, in so far as bills of exception Nos. 1 and 4 reflect the matter, the affidavit, search warrant, and declaration of appellant were admitted in evidence without objection.

Bill of exception No. 3 presents the following occurrence: When the sheriff undertook to give testimony touching the result of the search, appellant objected to his testimony on the ground that the search warrant was invalid. The objection was overruled, and, as recited in the bill, the witness testified as follows:

"I stayed on the outside with Mr. Watson and his son, and sent the deputies in the house to make the search. McTaggart went in the house; I didn't go in there. I had a search warrant. Mr. McTaggart brought some things back; I am pretty sure he brought two half gallons of whisky in a sack first, then George Hughes brought a quart, and one or the other brought a quart or half gallon, I don't remember which. In all, two gallons of whisky were found there. I examined it and know it was whisky."

The bill recites that:

Appellant "excepted to the ruling of the court in admitting said testimony, and thereafter, at

the conclusion of the testimony offered by the state and by the defendant, the defendant moved the court to withdraw from the consideration of the jury the evidence of said witness with reference to what was found at the place of the search. * * *"

It is noted that the testimony complained of contains no statement to the effect that appellant stated at the time of the search that he had been selling whisky. Again, as far as the bill under consideration reflects appellant's complaint, the affidavit, search warrant, and declaration of appellant were received in evidence without objection.

Bill of exception No. 6 reveals that appellant objected to the testimony of the deputy sheriff for the reason stated in bill of exception No. 3. The testimony objected to, as recited in the bill, is as follows:

"I went in the house and searched the house, and found three half gallons and two quarts of liquor, or whisky, and I got it and brought it back to Emory. I found the whisky in a little side room on the north side on the ell of the house—a little side room on the north side. The porch I mentioned was on the south side of the house, and the side room was on the north side of the ell. There was two half gallons and two quarts of whisky in a little pasteboard box, and another half gallon in a heater—stove—there in the side room; two quarts of the whisky were open, and there was two half gallons in a tow sack; by "open" I mean they were not covered with anything—no covering over the two quart jars; the two half gallon jars I found in the box were in a tow sack. I got the sack they were in, and we have that down in the vault. That stove was about 3 or 3½ feet west of the box that I found the whisky in; the stove or heater was just a box heater such as used for heating a house. This was about the 18th of June. That was a little side room, and the stove wasn't up and didn't have any pipe on it; it was just setting there. The room looked like just kind of a storeroom; there was fruit and other jars back in there, and boxes. Yes; there was a kitchen and a partition between the dining room and kitchen. In my best judgment there was four rooms to that house, besides the little side room—five rooms in all. This sack shown me is the sack I mentioned, and the jars were in there that way when I got it—a half gallon in each end of it like that, and the opening here in one side. The sack has not been changed any since I got it; it has been in the hands of the sheriff and kept in the vault since that time. In this sack both ends are closed up, and in width it is a little wider than around the fruit jars. I judge the sack is about 3 or 3½ feet long; in the middle in one side is an opening just large enough for a half gallon fruit jar to slip in; the jars were in the sack like this, and this sack was setting in the box; in that box were two quarts that had nothing around them. Yes; I examined and know that it was whisky in the jars."

The bill recites that:

"The defendant excepted to the ruling of the court in admitting said testimony, and thereafter, at the conclusion of the testimony offered

by the state and by the defendant, the defendant moved the court to withdraw from the consideration of the jury the evidence of said witness with reference to what he found· at the place of the search. * * * "

It is obvious, from a reading of this bill, that the testimony of the witness contains no statement that appellant told him at the time the search was made that he had been selling whisky. As far as the complaint reflected by this bill is concerned, the affidavit, search warrant, and declaration of appellant were received in evidence without objection.

[2, 3] The bills hereinbefore referred to embody each and every complaint made by appellant in the trial court. Appellant did not complain of the reception in evidence of the affidavit, search warrant, and declaration made by him at the time of the search. He cannot now complain. In all cases, to invoke a review of the action of the trial court upon the receipt or rejection of evidence, a bill of exception is imperative. Fisher v. State (Tex. Cr. App.) 1 S.W.(2d) 301. Having failed to bring forward a bill of exception complaining of the matter, it is obvious that appellant cannot invoke the rule announced in Gaunce v. State, 97 Tex. Cr. R. 365, 261 S. W. 577, and subsequent decisions, to the effect that, where there is no issue upon which the contents of the affidavit and search warrant are relevant, the recitals contained therein are hearsay and inadmissible. Not conceding that appellant's declaration made at the time of the search was improperly received, it is sufficient to say that the matter is not presented for review.

Appellant testified that the whisky discovered by the officers belonged to him, and declared that he used it for medicinal purposes. He denied that he had ever sold any whisky, and denied that he had stated to one of the officers at the time of the search that he had been selling whisky. In the case of McLaughlin v. State (Tex. Cr. App.) 4 S.W. (2d) 54, the accused admitted the possession of the liquor found by the officers, but testified that he and his wife used it for medicinal purposes. The search was illegal. In disposing of the contention of the accused that the testimony of the officers touching the results of the search was inadmissible, Judge Hawkins said:

"Appellant admitted in his testimony that he had on hand 420 bottles of beer, a 50-gallon barrel in which to make it, and some 200 empty bottles. His only defense was that he was making and had the beer to be used by himself and wife for medicine. This issue was submitted to the jury, who refused to accept appellant's explanation. Having taken the witness stand himself, and admitted having in his house practically everything of a criminative character the officers claimed to have found, appellant is in no position to ask for a reversal of the judgment."

In the case of King v. State (Tex. Cr. App.) 4 S.W.(2d) 550, will be found facts which

prevented application of the rule recognized in McLaughlin's Case and subsequent decisions. The facts of the instant case are strikingly similar to the facts of McLaughlin's Case, supra. Here, as in that case, the accused testified that the liquor discovered by the officers belonged to him, but claimed that he possessed said liquor for medicinal purposes. The fact that the affidavit, search warrant, and declaration of appellant to the effect that he had been selling whisky were received in evidence would not operate to prevent the application of the rule discussed in McLaughlin's Case, inasmuch as the evidence is in the record without objection. The.only criminative facts coming from the officers, which appellant objected to, were also placed before the jury by appellant himself.

The motion for rehearing is overruled.

· PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.