A. M. MORRIS v. THE STATE.

No. 12966.   Delivered April 9, 1930.
Reported in 27 S. W. (2d) 188.

The opinion states the case.

*V. R. Parker* of Fort Worth, for appellant.

*A. A. Dawson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

Having suspicion that the law was violated in the residence of the appellant, officers made an investigation on the outside and observed a liquid which they regarded as whisky mash running into a ditch. They went to a magistrate and obtained a search warrant, upon the authority of which they searched the appellant's house and found therein a quantity of mash and whisky, and also a still.

On the trial objection was made to the testimony of the officers showing the result of the search upon the ground that the search warrant was obtained upon an inadequate affidavit. The trial court held the search warrant void but overruled the objection to the evidence of the result of the search. Bill of Exception No. 2, as certified by the judge, shows that the purported search warrant, when offered in evidence, was excluded by the judge and further recites that "no search warrant authorizing the search of the appellant's home on the occasion in question was admitted in evidence." No explanation is attached to the bill giving the views of the learned trial judge upon which the evidence showing the result of the search was regarded admissible in evidence. In the absence of a search warrant, the evidence fails to show any authority of the officers to search the appellant's home. The right, on probable cause shown, to search a vehicle upon the public highway for intoxicating liquor without a search warrant is based upon the rule of necessity incident to the attending circumstances. See Carroll v. United States, 267 U. S. 132, 69 L. Ed. 543. The right to search a house or habitation is controlled by the Bill of Rights (Art. 1, Sec. 9, Con-

stitution of Texas), and by the statutory provisions contained in Art. 691, P. C., and Title 6, C. C. P., 1925. See Chapin v. State, 296 S. W. 1095; Battle v. State, 290 S. W. 762. Article 691, supra, provides the method by which a search warrant may be issued and the conditions upon which a private residence may be searched for intoxicating liquor or for the appliances with which whisky may be manufactured. Art. 727a, C. C. P., inhibits the reception in evidence of the testimony of an officer to the effect that he found whisky or appliances for making whisky in the home of one accused of crime where the search was illegal as in the present case.

In receiving the testimony mentioned the learned trial judge fell into error which requires a reversal of the judgment of conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*