### Ester Harbor v. The State.

No. 13510. Delivered October 8, 1930.
Reported in 31 S. W. (2d) 650.

The opinion states the case.

*Adams & Hamilton* of Jasper, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Possession of intoxicating liquor for the purpose of sale is the offense; penalty, confinement in the penitentiary for one year.

A building used as the habitation and barber-shop was searched by officers. They had no search warrant but acted on the assumption that they were privileged under the law to search the premises without a warrant. The building which was searched was occupied by the accused and was under the control of herself and husband. "Probable cause" for the belief that the accused possessed intoxicating liquor for the purpose of sale did not authorize the search of the premises without a search warrant. See Carroll v. United States, 267 U. S. 132; Chapin v. State, 107 Tex. Cr. R. 477; also Morris v. State, 27 S. W. (2d) 188; Coats v. State, 1 S. W. (2d) 288.

The officers found in a chicken-house about seventy-five bottles of a liquid which was described as "hot beer." A number of bottles of a cold liquid were found at a different place outside of the appellant's premises. The appellant was not seen in actual possession of either of the lots, but her husband testified of the liquid in the chicken-house as follows:

"That was my wife's beer. That was the beer that my wife was using under the directions of her doctor."

If it be conceded that the quoted testimony of the husband of the appellant would, under the rule applied in the case of Bonilla v. State, 2 S. W. (2d) 248 and other cases, obviate the error committed in permitting the officers to testify that they found home-brew beer in the chicken-house, still the application of the rule mentioned could not be made to that part of the testimony of the officers which related to the discovery of the home-brew beer which was cold. The facts are analogous to those before the court in the case of King v. State, 109 Tex. Cr. R. 327; that is to say, the jury may have believed that the testimony of the appellant's husband was true and that the liquid which was found in the chicken-house was in fact possessed for medicinal purposes and not for sale, but may have based their verdict on conviction in whole or in part upon the testimony concerning the home-brew beer which was not upon the premises of the appellant.

The sufficiency of the evidence that the liquid found by the officers outside of the premises of the appellant was intoxicating is very doubtful. The testimony does not characterize the liquid solely as "beer," but in describing it the qualifying words "home-brew beer" are used. Under such circumstances it is incumbent upon the State to prove that the liquid is intoxicating. Henson v. State, 103 Tex. Cr. R. 123, and numerous other cases collated

in Leming v. State, 17 S. W. (2d) 1075. See also Buchanan v. State, 25 S. W. (2d) 838. To discharge the burden mentioned, reliance was had upon the testimony of Officer Wood as follows:

"As to whether or not that was intoxicating liquor, well, it was home-brew beer, like you commonly see them drinking. I couldn't swear that it was intoxicating. * * * We destroyed all that we seized there. * * * That beer was all broken up right there."

The sheriff said:

"From the way that beer exploded, I would say it was intoxicating liquor. Yes, I will say it was intoxicating liquor."

The officers said that they did not taste any of the liquid; neither did they have it analyzed.

The admissibility of the testimony of the officers concerning the finding of the liquid which was outside of the premises of the appellant could be supported alone upon the theory that it was the result of a search of the premises of another and not of the appellant. If it be granted that it was not on her premises, the search was not illegal, but there is an absence of cogent testimony connecting her with the possession of it. On the whole record, the opinion is expressed that the accused should have been accorded a new trial. See King v. State, 109 Tex. Cr. R. 327.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*