EDGAR HAMMOND V. THE STATE.

No. 20927. Delivered March 13, 1940.

The opinion states the case.

*Myres & Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by complaint and information in the County Court of Johnson County with violations of the Liquor Laws of this State. In the first count, appellant was charged with possessing on the 4th. day of July, 1939, whisky for the purpose of sale. In the second count he was charged with selling whisky to Robert H. Williams on the 15th. day of July. In the third count he was charged with having in his possession on the 25th. day of July, whisky and beer for the purpose of sale. It was also charged that Johnson County was dry area. Appellant was convicted on all three counts. On the first count he was assessed a fine of $100; on the second count he was assessed 30 days in the county jail, and on the third count he was assessed 60 days in the county jail.

It appears from the record that on the night of July 3, police officers of the City of Cleburne observed the defendant driving an automobile across Cedar Street of that city. They followed him to his home and after he had driven into his garage, which was connected with his home, they searched his car and found some broken glass in a sack and a quantity of liquor on the bottom of the car. They mopped up about one-half gallon of it and placed it in a container. At the time the State offered to prove by the policeman what they discovered as a result of the search of appellant's car while in his garage, appellant objected thereto on the ground that the officers had no warrant for his arrest or for the search of his premises, and that evidence discovered as a result of said search could not be admitted against him. The officers admitted they had no warrant for his arrest or for the search of his premises or his car. We are of the opinion that appellant's objection to the testimony relative to what they found as a result of the search should have been sustained and the admission of such evidence was error. See Waltrip v. State, 114 S. W. (2d), 555, Art. 727a C. C. P.; Harbor v. State, 31 S. W. (2d), 650. In the case of Morris v. State, 27 S. W. (2d), 188, this Court speaking on a somewhat similar question said: "The right to search a house or habitation is controlled by the Bill of Rights (Article 1, Sec. 9, Constitution of Texas,) and by the statutory provisions contained in * * Title 6, Code Cr. Proc., 1925."

See also Art. 666 P. C. Sec. 20.

The inspector of the Texas Liquor Control Board was permitted to testify that Mr. Carruth, Supervisor of the Texas Liquor Control Board in Fort Worth, told him to go to Cleburne and purchase a pint of whisky from Edgar Hammond, the appellant. An objection was promptly interposed to this testimony on the ground that it was hearsay and a conclusion of Mr. Carruth. The objection was overruled and appellant duly excepted to the ruling of the court. It is obvious that this was clearly hearsay testimony and inadmissible. See Gorman v. State, 52 Tex. Crim. Rep., 24, 105 S. W., 200, Darnell v. State, 39 S. W., 370, Branch's Ann. P. C. Sec. 1254 and authorities cited. The testimony of the agent that Carruth had information that appellant was selling whisky in Cleburne, which was dry territory, and had ordered the agent to go there and purchase whisky, was hearsay. The vice of this testimony permeated the trial of every count in the information and injuriously affected appellant, not only on the count charging an unlawful sale of intoxicating liquor, but on all other counts as well. This testimony, as well as that relating to what was discovered by

the illegal search, all went to the jury for their consideration on all of the counts and injuriously affected appellant's legal rights.

From what we have said it follows that the judgment as to all three counts must be reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.