## CLYDE SMITH V. THE STATE.

No. 21054. Delivered May 8, 1940.

The opinion states the case.

*Denman & Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing whisky in a container to which no stamp tax showing payment of the tax due the State of Texas was affixed; the punishment, a fine of $100.

According to their version, officers went to appellant's private residence for the purpose of looking for a man other than the appellant. As they drove up to the house they observed appellant in a back room and "saw him grab something from the table." One of the officers ran to the back of the house just as appellant was pouring something from a pint bottle. Appellant had a quart jar of the same kind of liquid in his left hand. The containers had no stamp tax on them and there was no evidence that the tax due the State of Texas had been paid. After appellant had poured the liquid out the officers examined the containers and found a small amount of whisky in them.

Appellant did not testify and introduced no witnesses.

The officers had neither a warrant of arrest nor a search warrant. Appellant timely and properly objected to their testimony touching the result of the search. The objection should have been sustained. The officers did not know at the time they entered upon appellant's premises that his possession of the liquor in question was illegal. "Probable cause" does not authorize the search of a private residence. This court has in numerous decisions stated the rule as follows: " 'Probable cause' for the belief that the accused possessed intoxicating liquor for the purpose of sale did not authorize the search of the premises without a search warrant." See Harbor v. State, 31 S. W. (2d) 650.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.