## JAMES SIMPSON v. STATE.

### No. 24108. December 1, 1948.

Hon. Harless Morrison, Judge Presiding.

*Crisp & Bankhead,* of Kaufman, for appellant.

*Fred V. Meridith,* County Attorney, of Kaufman and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for possessing an illicit beverage, the punishment assessed being thirty days in jail.

The information—without stating the details—charged that the illicit alcoholic beverage alleged to have been possessed was a malt beer containing more than one-half of one per cent of alcohol, by volume, to which no tax stamp showing the payment of the tax due the State thereon was affixed.

To support this accusation, the State proved that the sheriff of the county, who possesssed information that a violation of the liquor laws was taking place, went at night, together with three other peace officers, to appellant's home, which was situated about one hundred feet from a public road. Upon approaching, the officers were able to see, as the lights were on in the house, several persons there drinking a liquid from brown bottles. One of the officers went to the front of the house, while the sheriff and other officers went to the rear. As they approached the back door, several persons fled from the house and several brown bottles were thrown from the porch onto the ground. One of those bottles was cold and had some "beer and foam" in it. The sheriff saw a cardboard carton, which he recognized as a beer case, on the kitchen floor. With this information, he entered the house and made a search thereof, and found in the case twenty-two brown bottles of home brew beer of an alcoholic content in excess of four per cent by weight, as shown on subsequent analysis thereof.

No tax stamp evidencing the payment of the tax due on the beer was attached either to the bottles or the case.

The officers had no search warrant to search appellant's home.

The introduction in evidence of the case and bottles of beer found in appellant's kitchen was challenged as having been ob-

tained by an unreasonable search of the private residence of appellant, in violation of our State and Federal Constitutions.

One's private residence may not be searched upon "probable cause." Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 700; Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095; Harbor v. State, 116 Tex. Cr. R. 306, 31 S. W. (2d) 650; Smith v. State, 139 Tex. Cr. R. 251, 139 S. W. (2d) 791.

That the officers may have been in possession of facts which would constitute probable cause for the belief that a violation of the liquor laws was occurring in the house did not therefore authorize the search.

Violations of the liquor laws not being felonies, the receipt in evidence of the result of the seach cannot be justified upon the proposition that a felony was being committed in the view or presence of the officers thereby authorizing appellant's arrest without a warrant and the search of his residence as incident to a lawful arrest.

The Smith case, supra, appears to be direct authority sustaining appellant's contention that the instant search and seizure were unauthorized.

The State insists that the case of Crowell v. State, 147 Tex. Cr. R. 299, 180 S. W. (2d) 343, sustains, by analogy, the instant search. The holding in that case was founded upon the proposition that the evidence objected to was not obtained as a result of a search but was open to the view of the officers. It must be remembered that in Crowell's case what the officers saw tended to establish the offense for which the accused was convicted— that is that he was the keeper of a bawdy house.

In the instant case, what the officers saw did not establish the offense charged, for the officers did not know at the time they entered appellant's residence that the case or carton contained beer to which no tax stamp was attached, evidencing the payment of the tax due. The entry into the residence and the seizure of the beer and case were necessary to establish such fact.

We are constrained to agree with the appellant that the search of his residence was unauthorized, which requires a reversal of the conviction.

The judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.